(No. 51580

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. VERNON DeWITT, Appellant.

*Opinion filed December 3, 1979.*

Michael J. Rosborough and John H. Reid, Deputy Defenders, and Patricia L. Morris, Assistant Defender, of the Office of State Appellate Defender, of Mount Vernon, for appellant.

William J. Scott, Attorney General, of Springfield (Donald B. Mackay, Melbourne A. Noel, Jr., and Steven J. Teplinsky, Assistant Attorneys General, of Springfield, of counsel), for the People.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Vernon DeWitt, pleaded guilty in the circuit court of Saline County to the offense of burglary and was placed on probation for 2 years. Seven months later the State's Attorney filed a petition for the revocation of his probation, alleging that defendant had committed a felony theft. At a subsequent probation-revocation hearing the circuit court found defendant had committed the theft, revoked probation, and sentenced defendant to a term of 1 to 3 years' imprisonment for the original burglary. The Fifth District Appellate Court affirmed (*People v. DeWitt* (1978), 66 Ill. App. 3d 146), and we allowed leave to appeal. Defendant's sole contention here is that the circuit court's denial of his motion for discovery denied him due process of law and violated our Rule 412. 65 Ill. 2d R. 412.

Defendant argues that the United States Supreme Court opinions in *Morrissey v. Brewer* (1972), 408 U.S.

471, 33 L. Ed. 2d 484, 92 S. Ct. 2593, and *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756, require that a probationer be allowed the same discovery before a probation-revocation hearing that our rules allow a defendant before a criminal trial. Initially, we note that due process does not guarantee pretrial discovery to a criminal defendant unless the defendant is also required to furnish similar discovery to the State. (*Weatherford v. Bursey* (1977), 429 U.S. 545, 51 L. Ed. 2d 30, 97 S. Ct. 837; *Wardius v. Oregon* (1973), 412 U.S. 470, 37 L. Ed. 2d 82, 93 S. Ct. 2208; *Williams v. Florida* (1970), 399 U.S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893.) In *Gagnon* the United States Supreme Court held that due process entitles a probationer to written notice of the alleged violation, to disclosure of the evidence against him, to be heard in person and to present testimonial and documentary evidence, to confront and cross-examine adverse witnesses, to be judged by a neutral and detached hearing body, to receive a written statement by the fact finders stating the evidence relied on and the reason for revocation, and, in some instances, to receive assistance of counsel. (411 U.S. 778, 782, 786, 788, 36 L. Ed. 2d 656, 662, 664-65, 93 S. Ct. 1756, 1760-63.) Illinois statutes have similar guarantees. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4; *People v. Beard* (1974), 59 Ill. 2d 220, 226.) The Supreme Court, while holding due process guaranteed the probationer these protections, also recognized that a probationer has already been convicted of the crime resulting in probation and is entitled to fewer procedural safeguards than one who has not been convicted at all. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 789, 36 L. Ed. 2d 656, 665-66, 93 S. Ct. 1756, 1763.) Because a criminal defendant is not constitutionally entitled to discovery and a probationer is not entitled to the same degree of protection as an unconvicted defendant, we conclude that the circuit court's denial of defendant's motion for discovery did not deny him due process.

Defendant further contends that the language of Supreme Court Rule 411 (58 Ill. 2d R. 411) grants a probationer the discovery provided in Supreme Court Rule 412 (65 Ill. 2d R. 412). Rule 411 provides that the discovery rules "[s]hall be applied in all criminal cases wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary. They shall become applicable following indictment or information and shall not be operative prior to or in the course of any preliminary hearing." Although a determination that a probationer has violated the conditions of his probation may result in a sentence to the penitentiary, that sentence is imposed for the original offense of which he had been convicted rather than for the conduct constituting violation. If the acts which violated the probation also constitute a criminal offense, the State may, of course, prosecute the probationer for that offense (*People v. Howell* (1977), 46 Ill. App. 3d 300, 302; *People v. Kondo* (1977), 51 Ill. App. 3d 874, 876) and, if it does, he would then be entitled to the discovery provided by Supreme Court Rule 412 (65 Ill. 2d R. 412). While our discovery rules do not specifically exclude probation- or parole-revocation hearings, it is quite clear that they were designed for use in connection with criminal trials. Those rules apply to the probationer's trial on the underlying offense, but a petition to revoke probation is not a criminal indictment or information and a judgment revoking probation is not a felony conviction. (*People v. Howell* (1977), 46 Ill. App. 3d 300, 302; *People v. Kondo* (1977), 51 Ill. App. 3d 874, 876.) In fact, the revocation of probation may occur for conduct which does not even involve the commission of any crime. We accordingly hold that Rule 411 does not entitle a probationer to discovery at a probation-revocation hearing.

Finally, defendant argues that we should expand the scope of the discovery rules to include probation-revocation hearings because discovery would help to

implement the procedural rights specifically granted by statute—confrontation, cross-examination and representation by counsel (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(c)). As we earlier noted, discovery is not constitutionally required to protect those rights (*Weatherford v. Bursey* (1977), 429 U.S. 545, 51 L. Ed. 2d 30, 97 S. Ct. 837; *Wardius v. Oregon* (1973), 412 U.S. 470, 37 L. Ed. 2d 82, 93 S. Ct. 2208; *Williams v. Florida* (1970), 399 U.S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893), and we have held that a defendant at a misdemeanor trial is not entitled to discovery (*People v. Schmidt* (1974), 56 Ill. 2d 572). In the absence of a constitutional requirement, the decision whether to allow discovery at probation-revocation hearings depends on the nature of the interests of the State and the probationer, and society has a compelling interest in expeditiously incarcerating a probationer who has committed further antisocial acts. (*Cf. Morrissey v. Brewer* (1972), 408 U.S. 471, 483, 33 L. Ed. 2d 484, 495, 92 S. Ct. 2593, 2601.) He has already been convicted of the underlying offense, and we believe the statutorily guaranteed procedural rights in hearings to revoke probation are adequate to protect the probationer's interest in his conditional liberty.

The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*