THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARIE A. HOYT, Defendant-Appellant.

Second District No. 84—0083

Opinion filed December 10, 1984.

Marie A. Hoyt, of Dwight, *pro se,* and G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorney Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

On March 17, 1983, defendant, Marie A. Hoyt, pleaded guilty to retail theft of property in excess of $150 (Ill. Rev. Stat. 1981, ch. 38, par. 16A—3(a)) and theft of property under $150 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1)), which was enhanced to a felony by reason of a prior theft conviction. Defendant was then sentenced to two consecutive two-year terms of probation on the offenses.

On November 30, 1983, the State filed a petition to revoke defendant's probation on the ground that she violated an imposed condition when she was subsequently arrested and convicted of an unrelated felony retail theft in Du Page County court case No. 83—CF—990. The record reveals she was found guilty and sentenced to a three-year term of imprisonment on that offense. Prior to admitting to the allegations contained in the State's petition to revoke probation, defendant was admonished that she was entitled to a

hearing at which the State would have the burden of proving its allegations by a preponderance of the evidence, to present witnesses, and to confront witnesses against her. Defendant was further informed by the court that her sentence of probation could be revoked and she could be resentenced to the same sentence that might originally have been imposed on the original offense. The court further stated that the maximum penalty she was still subject to was a term of two to five years of imprisonment on the original retail theft offense. After acknowledging the court's warnings, defendant admitted that the allegations contained in the State's petition to revoke probation were true. Based upon defendant's admission, the lower court entered a finding that the allegations had been admitted and sentenced defendant to a three-year term of imprisonment on the original offense, which was to be served consecutive to the three-year sentence previously imposed on the unrelated Du Page County theft offense.

Defendant raises three issues on appeal arising from the revocation of her probation and imposition of a consecutive sentence: (1) whether the imposition of a consecutive sentence was based upon a finding that it was necessary to protect the public from further criminal activity; (2) whether the sentence was excessive; and (3) whether defendant's admission to the allegations in State's petition to revoke probation was made knowingly and voluntarily, since she was not admonished on the possibility of a consecutive sentence.

Defendant first contends that her two consecutive three-year terms of imprisonment should be modified to run concurrently because the lower court failed to determine that a consecutive term of imprisonment was necessary to protect the public from her further criminal conduct. Defendant additionally maintains that such a finding is unsupported by the record.

■ Section 5—8—4(b) of the Unified Code of Corrections provides:

> "The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(b).)

While it is the better practice for the trial court to employ the statutory language in rendering its decision and expressly note that a consecutive sentence is necessary for the protection of the public,

334

failure to do so does not necessarily require reversal. (*People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473; *People v. Pittman* (1982), 93 Ill. 2d 169, 177-78, 442 N.E.2d 836.) " 'What is required is that the record show that the sentencing court is of the opinion that a consecutive term is necessary for the protection of the public'." (*People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473; *People v. Pittman* (1982), 93 Ill. 2d 169, 177-78, 442 N.E.2d 836.) Furthermore, it is equally settled that a reviewing court should not substitute its judgment or preference for that of the sentencing court absent a clear abuse of discretion. *People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473.

Defendant in the present case has a long history, beginning in 1974, of theft and drug-related convictions, including six prior theft convictions and four theft offenses for which she was given supervision. This criminal conduct is directly connected to defendant's admitted heroin addiction, which she has unsuccessfully attempted to control. In evaluating its decision to impose a consecutive sentence, the trial court noted defendant's particular dilemma and propensity toward criminal activity when it specifically stated that:

"[T]he court is aware of the history of Miss Hoyt, having been in this Court prior occasions, and the Court having had an opportunity to sentence her on a prior occasion to a form of probation. I think at the time I expressed to you, Miss Hoyt, that I considered that to be your last chance as far as rehabilitative efforts for drugs were concerned. Your failure on that occasion would result in some sort of sentence being imposed.

All I can say is that you have had your opportunity. You have demonstrated to me that you are not worthy of belief or consideration, or that apparently the drug habit is so deeply entrenched that even if you had good intentions, you are not able to follow them."

■ While the sentencing judge did not specifically adhere to the preferred statutory language in support of his decision, it is apparent from his statements that the court was convinced that defendant presented a danger to the public by reason of her past criminal history (see *People v. Pittman* (1982), 93 Ill. 2d 169, 178, 442 N.E.2d 836), her propensity toward criminal conduct, and her failure at rehabilitative efforts. Under these circumstances, we conclude that the record discloses that the trial court's imposition of a consecutive sentence on the original theft offense is necessary for the protection of the public and the consecutive sentence did not amount to an

abuse of discretion.

██ Defendant next contends that her consecutive sentence is excessive and should be reduced because it is disproportionate to the nonviolent nature of the theft offense and fails to provide for her rehabilitative potential. Specifically, she maintains that her sentence violates article I, section 11, of the Illinois Constitution, which provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, sec. 11.

Initially we note that defendant has not cited, nor are we aware of, any authority which restricts the imposition of consecutive sentences solely to crimes of violence. Indeed, consecutive sentences have been properly imposed under circumstances similar to the present case where two theft offenses are involved. See *e.g., People v. Peebles* (1984), 125 Ill. App. 3d 213, 223, 465 N.E.2d 539; *People v. Boone* (1977), 55 Ill. App. 3d 83, 90-91, 370 N.E.2d 673.

██ ■ Defendant is correct, however, that a sentencing judge must, in addition to the seriousness of the offense, give adequate consideration to defendant's rehabilitative potential. (*People v. Matthews* (1984), 126 Ill. App. 3d 710, 716, 467 N.E.2d 996.) A trial court is faced with the difficult task of fashioning a sentence which would strike an appropriate balance between protection of society and rehabilitation of the offender. (*People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541.) The trial judge is present during the course of the trial and sentencing hearing and is thus in a far superior position to evaluate the appropriate sentencing factors than is a court of review. (*People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.) As stated above, his decision is entitled to great deference and will not be disturbed on review absent an abuse of discretion. *People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473.

██ In the case at bar, defendant originally pleaded guilty to the felony offense of retail theft, a Class 3 felony which carries a possible sentence of not less than two years' and not more than five years' imprisonment. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(6).) The record is clear that, before imposing a term of imprisonment, the sentencing judge evaluated the presentence reports, arguments of counsel, defendant's propensity toward criminal conduct and her rehabilitative potential, including her employment history, educational background, family support, and planned marriage to a security officer. In reaching his decision to impose a consecutive term of three years' imprisonment, the judge noted defendant's

lengthy history of criminal conduct, her drug dependency and her failure at every rehabilitative effort. Under these circumstances, we conclude that the sentence imposed by the court was well within the authorized range and did not constitute an abuse of discretion.

■ Defendant's final contention is that her admission to the allegations in the State's petition to revoke probation was not made knowingly and voluntarily because she was not admonished of the possibility of a consecutive sentence. Relying on our supreme court's decision in *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289, defendant maintains that a probationer, in admitting a probation violation, should be accorded due process rights similar to those pertaining to guilty pleas as set forth in Supreme Court Rule 402 (87 Ill. 2d R. 402). Defendant specifically directs this court's attention to the portion of Rule 402 which prescribes that prior to the acceptance of a guilty plea a defendant must be apprised, *inter alia,* of the minimum and maximum sentences that could be imposed, as well as whether he or she may be subject to consecutive terms of imprisonment. (87 Ill. 2d R. 402(a)(2); *People v. Brownell* (1980), 86 Ill. App. 3d 697, 700, 408 N.E.2d 304.) Our supreme court, however, has clearly held that the provisions of Supreme Court Rule 402 are not strictly applicable to probation revocation proceedings (*People v. Beard* (1974), 59 Ill. 2d 220, 226-27, 319 N.E.2d 745), noting that there is a qualitative difference between a criminal conviction and the revocation of probation. *People v. Beard* (1974), 59 Ill. 2d 220, 226, 319 N.E.2d 745; see also *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 789, 36 L. Ed. 2d 656, 665-66, 93 S. Ct. 1756, 1763; see generally Cohen & Gobert, The Law of Probation and Parole sec. 9.41 (1983).

The basic due process rights accorded to a probationer in revocation of probation proceedings have been set forth by the United States Supreme Court in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756. Under *Gagnon,* a probationer is afforded only the "minimum" requirements of due process, and is entitled:

> "to written notice of the alleged violation, to disclosure of the evidence against him, to be heard in person and to present testimonial and documentary evidence, to confront and cross-examine adverse witnesses, to be judged by a neutral and detached hearing body, to receive a written statement by the fact finders stating the evidence relied on and the reason for revocation, and, in some instances, to receive assistance of counsel. (411 U.S. 778, 782, 786, 788, 36 L. Ed. 2d 656, 662,

664-65, 93 S. Ct. 1756, 1760-63.) Illinois statutes have similar guarantees. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4.)" *People v. DeWitt* (1979), 78 Ill. 2d 82, 85, 397 N.E.2d 1385.

A review of the record in the present case reveals that defendant was accorded all the minimum due process safeguards to which she was entitled. Prior to accepting defendant's admission to the allegations contained in the State's petition to revoke probation, defendant was admonished that by admitting the petition she was effectively waiving her right to a hearing at which the State would have to prove its allegations by a preponderance of the evidence, and where she could present witnesses as well as confront witnesses appearing against her. The court further warned defendant that upon receiving her admission, it could revoke her probation and resentence her to serve "the same sentence that might originally have been imposed in this case." The trial judge then informed defendant that the maximum penalty which could be imposed on her original retail theft offense was two to five years' imprisonment.

We conclude on this record that defendant was afforded more than the "minimum" due process safeguards to which she was entitled, and further hold that an admonition on the possibility of the imposition of a consecutive sentence is not required by Illinois statute or the Supreme Court Rules to be given to a probationer prior to the receipt of an admission to allegations in a petition to revoke probation.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH, P.J., and HOPF, J., concur.