THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUSSELL GAZELLE, Defendant-Appellant.

Fourth District    No. 4—92—1027

Argued January 19, 1994.—Opinion filed March 3, 1994.

Daniel D. Yuhas (argued), of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman (argued), and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

The sole issue presented by this appeal is whether the trial court can impose a consecutive sentence upon a defendant who admitted to a petition to revoke his probation when the court did not admonish him at the time of his admission of the possibility of a consecutive sentence. We hold that the court may not impose consecutive sentences under these circumstances.

## I. BACKGROUND

In June 1990, defendant, Russell Gazelle, pled guilty to burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)), and the trial court sentenced him to 42 months of probation subject to certain conditions. In September 1991, the State filed a petition to revoke defendant's probation. In June 1992, the State filed a supplemental petition to revoke. In August 1992, defendant admitted to the allegations in the supplemental petition, and the State dismissed the initial petition. In November 1992, the court conducted a sentencing hearing, revoked defendant's probation, sentenced him to five years in prison, and ordered that sentence to be served consecutively to a five-year sentence previously imposed in an unrelated Piatt County case.

## II. ANALYSIS

With one exception, defendant concedes that the trial court correctly admonished him during the August 1992 hearing when he admitted to the allegations contained in the petition to revoke probation. The exception arises because the court did not inform defendant that as a result of his admission, the court could impose consecutive sentences. Instead, as defendant points out, the court told him that if he admitted to the State's petition, he could "be sentenced to the Illinois State Penitentiary for the original burglary in this case for a term of not less than three nor more than seven years."

Thus, defendant argues that the court erred by sentencing him in effect to 10 years in prison—five years upon the revocation of his probation to be served consecutively to the five-year sentence imposed in Piatt County. Defendant asserts that this 10-year prison sentence exceeds by three years the maximum sentence the court had informed him it could impose.

The State responds as follows:

> "While it may be the better practice to fully admonish a defendant of the potential penalties, including consecutive sentences, before accepting an admission to violating probation, 'minimum' due process safeguards are just that—the minimum protections due a convicted defendant who has been placed on probation. These basic procedural safeguards were observed here."

In support of this argument, the State cites the decision of the Second District Appellate Court in *People v. Hoyt* (1984), 129 Ill. App. 3d 331, 336-37, 472 N.E.2d 568, 571-72, and a decision of the Arizona Supreme Court in *State v. Allie* (1985), 147 Ariz. 320, 330, 710 P.2d 430, 440. The *Hoyt* court wrote that "an admonition on the possibility of the imposition of a consecutive sentence is not required by Illinois statute or the Supreme Court Rules to be given to a probationer prior to the receipt of an admission to allegations in a petition to revoke probation" even though the defendant in fact received consecutive sentences. (*Hoyt*, 129 Ill. App. 3d at 337, 472 N.E.2d at 572.) *Allie* took the same position. We respectfully disagree with these decisions and decline to follow them.

In *People v. Pier* (1972), 51 Ill. 2d 96, 99-100, 281 N.E.2d 289, 291, the Supreme Court of Illinois addressed probation revocation proceedings as follows:

> "The consequences of a determination that the probation order has been violated are so serious that the appellate courts have surrounded the defendant at a revocation hearing with many of the same due-process safeguards that are accorded to a defendant [at] a trial to determine his guilt. [Citations.] Since the results of a probation revocation may be a deprivation of liberty and, consequently, as serious as the original determination of guilt, we agree with the holdings of these cases that due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well[-]recognized procedural methods. \*\*\* Justice demands that he also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition."

In *People v. Followell* (1987), 165 Ill. App. 3d 28, 31, 518 N.E.2d 706, 707, this court addressed the due process protections a defendant possesses when he admits to a petition to revoke his probation and wrote the following:

> "Although the trial court need not give all of the admonitions contained in Supreme Court Rule 402 (107 Ill. 2d R. 402) prior to accepting an admission to a petition to revoke probation [citation], we believe that in order to protect a defendant's due process rights, and to make a conscientious judicial determination of the charge, the court must at least determine that the defendant knows what the specific allegations in the petition are, that he knows that he has a right to a hearing with counsel present, that he is not making the admission on the basis of any promises or coercion, *and that he understands the consequences of his admission.*" (Emphasis added.)

■ We now hold that in order to protect a defendant's due process rights when he admits to a petition to revoke his probation, the trial court must inform him of the possible imposition of a consecutive sentence. Further, we hold that the trial court's failure to so inform a defendant bars the court from subsequently imposing a consecutive sentence based upon that admission. We deem this holding consistent with—and a clarification of—our statement in *Followell* that the court must determine whether the defendant "understands the consequences of his admission." *Followell*, 165 Ill. App. 3d at 31, 518 N.E.2d at 707.

■ The State conceded in oral argument that had defendant here pled guilty to burglary under the same admonitions given here, instead of admitting to a petition to revoke his burglary probation, then the trial court could not have imposed a consecutive sentence because of its failure to specifically admonish defendant of the possibility that a consecutive sentence might be imposed. (See *People v. Akers* (1985), 137 Ill. App. 3d 922, 927, 484 N.E.2d 1160, 1163.) Although we fully understand that the supreme court has held that the provisions of Supreme Court Rule 402 (134 Ill. 2d R. 402) do not strictly apply to probation revocation proceedings (see *People v. Beard* (1974), 59 Ill. 2d 220, 226-27, 319 N.E.2d 745, 748), we find no principled basis for distinguishing between guilty pleas and admissions given at probation revocation hearings regarding what admonishment the court must give to a defendant to inform him of the maximum sentence the court can impose. We hold that in each instance, due process requires that the trial court cannot subsequently impose a sentence greater than the maximum sentence the court informed defendant he could receive.

In other words, before the trial court can impose consecutive sentences as a result of defendant's admission to a petition to revoke his probation, the court must first make sure that he understands the imposition of a consecutive sentence is one of the possible consequences of his admission. See *People v. Foehrer* (1990), 197 Ill. App. 3d 754, 757-58, 555 N.E.2d 58, 60.

We note that the *Hoyt* court cited the decision of the United States Supreme Court in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756, as setting forth "[t]he basic due process rights accorded to a probationer in revocation of probation proceedings." (*Hoyt*, 129 Ill. App. 3d at 336, 472 N.E.2d at 571.) The *Hoyt* court then observed that admonishing a defendant at such a proceeding was not listed as one of the "basic due process rights." However, *Gagnon* dealt with whether a probationer or parolee had a right to a hearing at which he could contest the State's petition to revoke his probation or parole and, if so, whether he was entitled to be represented by appointed counsel at such a hearing; thus, the Court addressed the process due to a probationer or parolee, but only in the context of those circumstances. (See *Gagnon*, 411 U.S. at 779-80, 36 L. Ed. 2d at 660-61, 93 S. Ct. at 1758-59.) *Gagnon* did not address the situation in the present case—or that in *Hoyt*—namely, a defendant who is admitting to a petition to revoke his probation, not contesting it.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's order revoking defendant's probation, and we remand for further proceedings.

Reversed and remanded.

KNECHT and COOK, JJ., concur.