THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL D. CLARK, Defendant-Appellant.

Fourth District    No. 4—94—0538

Opinion filed December 20, 1995.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

On December 10, 1993, defendant Michael Clark pleaded guilty to one count of armed robbery, a Class X felony. (720 ILCS 5/18—2 (West 1992).) Prior to accepting defendant's plea, the trial court admonished him that he could receive between 6 and 30 years' imprisonment and that the offense was nonprobationable. At the same proceeding, defendant admitted that by committing the armed robbery he had violated the terms of his probation for unlawful possession of a stolen vehicle, a Class 2 felony. (625 ILCS 5/4—103 (West 1992).) Prior to accepting defendant's admission, the trial court admonished him that he could receive between three and seven years' imprisonment if his probation was revoked, although "technically probation is still a sentence *** which you could receive."

A joint sentencing hearing was held in January 1994. The court sentenced defendant to seven years' imprisonment for the armed robbery, and three years' imprisonment for unlawful possession of a stolen vehicle in the probation revocation case. The court found that consecutive sentences were necessary to protect the public from further criminal conduct by defendant. See 730 ILCS 5/5—8—4 (West 1992).

Defendant filed a motion to reconsider his sentence in the armed robbery case. Defendant apparently never challenged his sentence in his probation revocation case. The court denied defendant's motion, and defendant appeals in the armed robbery case alone.

In April 1995, defendant's appellate counsel moved to withdraw pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396. The record shows service of the motion on defendant. On our own motion, this court granted defendant leave to file additional points and authorities on or before May 26, 1995. Defendant has not responded. After a review of the *Anders* motion and the record in accordance with the dictates of *Anders,* we grant the motion and affirm the ruling of the trial court.

■ Our review of the record reveals defendant was never admonished by the trial court that any sentence he received in the armed robbery case could be consecutive to any sentence received in the probation revocation case. Supreme Court Rule 402(a)(2) provides

that the trial court shall not accept a plea of guilty without first informing the defendant of "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." (134 Ill. 2d R. 402(a)(2).) A court's failure to state the penalty to which a defendant may be subjected renders a defendant's plea involuntary. (*People v. Wills* (1993), 251 Ill. App. 3d 640, 643, 622 N.E.2d 1271, 1273.) Whether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by the inadequate admonishment. *People v. Davis* (1991), 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719.

Appellate counsel suggests that any challenge to the imposition of consecutive sentences would be meritless under the holding of *People v. Gazelle* (1995), 165 Ill. 2d 93, 649 N.E.2d 381, where the supreme court held that the failure to admonish the defendant was inconsequential because the defendant's convictions precluded any defense to the petition to revoke probation. The outcome would have been identical whether or not the defendant had been properly admonished. The present case is distinguishable. Defendant's plea of guilty and his admission that he violated probation were heard in a single proceeding. Had defendant been admonished that he could receive consecutive sentences, defendant could have chosen to contest both the charge of armed robbery and the petition to revoke probation. The trial court's failure to properly admonish defendant was not inconsequential.

■ Nevertheless, we find that defendant cannot raise any challenge to the plea proceedings in this court. When defendant filed a motion to reconsider his sentence, he never addressed the issue of the trial court's failure to properly admonish him. Under Supreme Court Rule 604(d), any issue not raised in the motion to reconsider the sentence or withdraw the plea of guilty shall be deemed waived upon appeal. (145 Ill. 2d R. 604(d).) Even if defendant had challenged his admonishments in his motion to reconsider sentence, that would not have been sufficient. The only relief a court can grant on a motion to reconsider sentence is a change in the sentence; the court may not vacate the guilty plea. In the present case, defendant might have been entitled to vacation of his guilty plea because of the inadequate admonishment, but he was not entitled to concurrent sentences. In contrast, if the trial court had admonished defendant that the maximum sentence was five years, and then sentenced him to six, defendant could have obtained relief on a motion to reconsider sentence. (See *People v. Johns* (1992), 229 Ill. App. 3d 740, 743, 593 N.E.2d 594, 597.) In the present case, there was no agreement that defendant's sentences would be concurrent.

In *Davis*, the supreme court found plain error where the trial court admonished the defendant that he could be sentenced to probation when, in fact, the defendant was not eligible for probation. (*Davis*, 145 Ill. 2d at 248, 582 N.E.2d at 718.) Likewise, in *People v. McCracken* (1992), 237 Ill. App. 3d 519, 604 N.E.2d 1104, the appellate court found plain error where the trial court admonished the defendant that his sentences would run concurrently unless someone told him otherwise, but the court imposed consecutive sentences after the defendant pleaded guilty.

Review of the plea proceedings under the plain error rule would be improper in the present case. Unlike the facts presented by *Davis* and *McCracken*, in the present case, the trial court made no misleading statements during the plea proceedings. Most important, unlike the defendants in *Davis* and *McCracken*, defendant never sought to vacate his plea. A Rule 604(d) motion is a condition precedent to the appeal of a plea of guilty. (*People v. Wilk* (1988), 124 Ill. 2d 93, 105, 529 N.E.2d 218, 223.) Because defendant only filed a motion to reconsider sentencing, this court is without jurisdiction to consider deficiencies in the plea proceedings. Only sentencing issues remain.

No colorable argument can be made that the trial court abused its discretion in sentencing defendant. Defendant's sentences fall well within the statutory range and are commensurate with the seriousness of his acts. Nor can any colorable argument be made that defendant received ineffective assistance of counsel during sentencing.

Accordingly, the motion of the office of the State Appellate Defender to withdraw as counsel is granted, and the judgment of the circuit court of Macon County is affirmed.

Affirmed.

GREEN and GARMAN, JJ., concur.