NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190431-U

NO. 4-19-0431

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 30, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | De Witt County |
| LARRY LINGO, | ) | No. 14CF62 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Gary A. Webber, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The record demonstrates the trial court's compliance with the plain language of Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) when it admonished defendant upon his admission of a probation violation during probation revocation proceedings. Also, even assuming a lack of substantial compliance with the rule as alleged, defendant has failed to show he was denied real justice or that he suffered prejudice as a result of the court's admonishments.

¶ 2    Defendant, Larry Lingo, pleaded guilty to home repair fraud (815 ILCS 515/3(a)(1) (West 2012)) in the De Witt County circuit court and was sentenced to 24 months' probation. In September 2018, the State initiated probation revocation proceedings based upon defendant's commission of new felony offenses in another county. Defendant ultimately admitted to violating his probation as alleged by the State, and the trial court resentenced him to three years in prison. Defendant appeals, arguing the court failed to substantially comply with Illinois Supreme Court

Rule 402A (eff. Nov. 1, 2003) when admonishing him during his probation revocation proceedings. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        In November 2014, the State charged defendant with aggravated home repair fraud (*id.* § 5(i)) and theft by deception (720 ILCS 5/16-1(a)(2)(A) (West 2012)). In May 2017, he pleaded guilty before the De Witt County circuit court to an amended charge of home repair fraud (815 ILCS 515/3(a)(1) (West 2012)). Pursuant to his plea agreement with the State, defendant's theft charge was dismissed, he received a sentence of 24 months' probation, and he was ordered to pay restitution of $27,238. Prior to accepting defendant's plea, the trial court informed him of the possible penalties he faced, stating as follows:

> "The [amended] charge is a Class 3 felony. As such, it carries the possible penalty of a sentence to [the] Illinois Department of Corrections [(DOC)] from two to five years and a maximum fine of $25,000.
>
> If you were sentenced to [DOC,] there is a one-year mandatory supervised release [(MSR)] period. There is the possibility of probation or conditional discharge for up to two and a half years."

¶ 5        In July 2017, the State filed a petition to revoke defendant's probation, alleging he failed to report to the probation department, respond to letters from his probation officer, or make payments in connection with his case as ordered by the trial court. During his arraignment on the petition, the court again advised defendant that possible penalties upon the revocation of his probation included a two-to-five-year prison sentence and a one-year MSR period, a maximum $25,000 fine, and a sentence of up to 30 months' probation or conditional discharge.

- 2 -

¶ 6        In September 2018, while its first petition remained pending, the State filed a second petition to revoke defendant's probation. It alleged that, contrary to the terms of his probation, defendant committed two felony offenses, both of which he was convicted of in August 2018—unlawful possession of a controlled substance in Logan County case No. 17-CF-124, and theft in Logan County case No. 17-CF-220.

¶ 7        In October 2018, the trial court conducted a hearing in the matter and noted defendant appeared in the custody of DOC. Again, the court's admonishments to defendant included the possible consequences he faced if his probation was revoked. The court informed defendant he could be resentenced for his Class 3 felony offense and reiterated that defendant faced two-to-five years in prison, a one-year period of MSR if sentenced to DOC, a maximum $25,000 fine, and up to 30 months' probation or conditional discharge. Defendant maintained that he understood the possible penalties for the underlying offense. He also asserted he wished to enter an open admission to the allegations contained in the State's second petition. The State represented it could produce certified copies of defendant's convictions in his Logan County cases. After determining defendant's admission was knowingly and voluntarily made, the court set the matter for resentencing. On the State's motion, it also dismissed the State's initial petition to revoke defendant's probation.

¶ 8        In November 2018, the trial court conducted defendant's resentencing hearing. Both parties declined to present any evidence and elected to rely solely on the information contained within defendant's presentence investigation (PSI) report. According to that report, defendant had nine prior felony convictions aside from the underlying offense and his 2018 Logan County convictions. He had been sentenced to terms of imprisonment in DOC on multiple

occasions and his criminal history included a 2002 conviction for aggravated home repair fraud, for which he was sentenced to five years in prison. Additionally, the PSI report reflects defendant was sentenced to two and five years in prison in connection with his two 2018 Logan County cases.

¶ 9        Regarding the underlying offense, the State recommended the trial court impose a five-year prison sentence, arguing defendant had a lengthy criminal history and noting he failed to pay any restitution to the victim of the underlying offense as ordered by the court. It also asked the court to exercise its discretion and order that any prison sentence it imposed be served consecutively to the prison sentences defendant was currently serving for his two Logan County convictions. Defendant's counsel asked the court to impose a minimum two-year sentence to run concurrently with defendant's current prison sentences, arguing defendant was on "the road to rehabilitation."

¶ 10       Prior to issuing its ruling, the trial court clarified and confirmed with the parties that defendant was currently serving consecutive prison sentences of two and five years in connection with his Logan County convictions. It then resentenced defendant to three years in prison, ordering his sentence to be served consecutively to the prison sentences defendant was already serving.

¶ 11       In December 2018, defendant filed a "Motion To Vacate Plea Of Guilty And Sentence And Judgment Thereon." He argued the trial court failed to properly admonish him pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) when he pleaded guilty to the underlying offense and pursuant to Rule 402A (eff. Nov. 1, 2003) when he admitted the allegations of the State's second petition to revoke. Specifically, defendant maintained the court's admonishments were improper because it never advised him of the possibility that any prison

- 4 -

sentence imposed on the underlying offense could be ordered to be served consecutively to prison sentences he received in other cases. Defendant further alleged that when he admitted the allegations of the second petition to revoke in October 2018, the court knew of the existence of his Logan County cases. Further, he asserted "he would not have plead[ed] guilty had he known he would have received [*sic*] consecutive sentences[.]" Defendant asked the court to vacate his guilty plea and sentence, and "remand[ ] for trial."

¶ 12        In April 2019, the trial court conducted a hearing on defendant's motion and denied it. It determined that to the extent defendant challenged his original guilty plea, the motion was untimely. The court's comments indicate it also found defendant had been properly admonished both when he pleaded guilty and was originally sentenced and during his probation revocation proceedings. Specifically, the trial court stated as follows:

"At the time of the sentencing there was nothing mandatory about any consecutive sentences. In almost all felonies, there's the possibility of some discretionary consecutive sentences. The court would have to be aware of, I believe, any cases pending or sentences pending that the defendant is subject to sentencing on [to require admonishments] that it's possible for those to be consecutively entered as a plea.

The motion to withdraw plea of guilty is not timely filed; but I think, even if it was, it would not be well taken. I think [defendant] was properly admonished at the sentencing stage as well as [*sic*] his petition to revoke his probation, so the motion is denied."

¶ 13        This appeal followed.

- 5 -

¶ 14                                    II. ANALYSIS

¶ 15         On appeal, defendant argues he was improperly admonished because he was not informed of the possibility of consecutive sentencing. Unlike below, however, he challenges only the admonishments he received when admitting to a violation of his probation in October 2018, contending the trial court failed to substantially comply with Rule 402A. Defendant maintains the court's failure to properly admonish him "deprived [him] of his due process rights." He asks this court to vacate both his admission to the State's second petition to revoke his probation and his three-year prison sentence.

¶ 16         The State responds by initially asserting defendant's claim on appeal is "waived" because in his December 2018 post-resentencing motion, defendant did not ask to withdraw his admission to the State's second petition to revoke and, instead, requested only that his guilty plea and sentence be vacated and the matter "remanded for trial." It cites *People v. Clark*, 276 Ill. App. 3d 1002, 1004, 659 N.E.2d 421, 423 (1995), wherein this court noted that, under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), "any issue not raised in [a] motion to reconsider the sentence or withdraw the plea of guilty shall be deemed waived upon appeal."

¶ 17         Here, we decline to find waiver as requested by the State. The record shows the defendant clearly challenged the propriety of the admonishments he received during his probation revocation proceedings in his post-resentencing motion. The trial court also considered and rejected that challenge when ruling on the motion. Moreover, Rule 604(d) does not apply to probation revocation proceedings and "the filing of a motion to reconsider sentence or disposition following a probation revocation hearing is unnecessary before taking an appeal[.]" (Internal quotation marks omitted.) *People v. Allison*, 356 Ill. App. 3d 248, 251, 825 N.E.2d 1217, 1220

(2005); see also *People v. Tufte*, 165 Ill. 2d 66, 78, 649 N.E.2d 374, 380 (1995) (stating that in the context of probation revocation proceedings, "[i]f the defendant does not file a motion to vacate or reconsider, but rather seeks an immediate appeal, the reviewing court may consider the defendant's argument on its merits"); Ill. S. Ct. R. 604(b) (eff. July 1, 2017) ("[A defendant] may also appeal from an order *** revoking [a probation] sentence."). Accordingly, we address the merits of defendant's Rule 402A admonishment claim.

¶ 18          In *People v. Hall*, 198 Ill. 2d 173, 180-81, 760 N.E.2d 971, 975 (2001), the supreme court set forth the admonishments necessary to protect the due process rights of a defendant intending to admit to a probation violation during revocation proceedings. Subsequently, the admonishments set forth in *Hall* were codified in Rule 402A, which provides as follows:

> "Admonitions to Defendant. The court shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:
>
>> (1) the specific allegations in the petition to revoke probation ***;
>>
>> (2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;
>>
>> (3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;
>>
>> (4) that at the hearing, the State must prove the alleged violation by

a preponderance of the evidence;

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation ***, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) *the sentencing range for the underlying offense for which the defendant is on probation ***.*" (Emphasis added.) Ill. S. Ct. R. 402A (eff. Nov. 1, 2003).

¶ 19 A trial court must substantially comply with Rule 402A's requirements. *Id.*; *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 14, 995 N.E.2d 375. "Substantial compliance involves an affirmative showing in the record that the defendant understood each of the required admonitions." (Internal quotation marks omitted.) *Saleh*, 2013 IL App (1st) 121195, ¶ 14. "A trial court's compliance with Rule 402A is reviewed *de novo*." *Id.*

¶ 20 Here, defendant argues that at the time he admitted to violating his probation in the underlying De Witt County case, the trial court was aware that he was already serving prison sentences in connection with two unrelated Logan County cases. He maintains that given that knowledge, the court was required to admonish him of the possibility that any prison sentence it imposed upon resentencing could be ordered to be served consecutively to his Logan County prison sentences. Defendant argues that without such an admonishment, the court did not substantially comply with Rule 402A and deprived him of due process.

¶ 21       We note that when interpreting a supreme court rule, a court's "goal is to ascertain and give effect to the drafters' intention." *People v. Marker*, 233 Ill. 2d 158, 165, 908 N.E.2d 16, 20 (2009). Further, "[t]he most reliable indicator of intent is the language used, which must be given its plain and ordinary meaning." *Id.*

¶ 22       Relevant to this appeal, the plain language of Rule 402A does not explicitly require a trial court to admonish a defendant regarding the possibility of consecutive sentencing with unrelated cases. Rather, it provides only that the trial court must inform a defendant who intends to admit to a probation violation of the "sentencing range" for his or her underlying offense and determine the defendant's understanding of the same. Ill. S. Ct. R. 402A(a)(6) (eff. Nov. 1, 2003). In this case, there is no dispute that the trial court admonished defendant regarding the range of penalties associated with the underlying offense of home repair fraud or that, upon questioning by the court, defendant asserted he understood the applicable sentencing range. Thus, the record contains an affirmative showing that defendant understood Rule 402A's explicitly required admonishments regarding the possible penalties defendant faced. Further, as argued by the State, the record reflects literal, rather than simply substantial, compliance with the rule's admonishment provisions.

¶ 23       Nevertheless, defendant argues that when construing *Hall* and Rule 402A, Illinois appellate courts rely on cases interpreting Rule 402, which sets forth similar admonishments that are applicable upon a plea of guilty. See *People v. Dennis*, 354 Ill. App. 3d 491, 495, 820 N.E.2d 1190, 1193 (2004) ("As *Hall* in effect adopted the same admonition required by Rule 402 for admissions at a probation revocation hearing, it would seem logical that the case law that developed under [Rule 402], which requires substantial compliance, would apply to the mandate

of *Hall* \*\*\*."). Further, he asserts that cases interpreting Rule 402 provide that a court does not substantially comply with that rule "when it knows about the possibility of consecutive sentences and fails to warn the defendant accordingly." See *People v. Butler*, 186 Ill. App. 3d 510, 521, 541 N.E.2d 171, 177 (1989) (agreeing with the defendant's assertion "that where the [trial] court is aware of the possibility of consecutive sentences, such sentences may not be imposed in the absence of an admonishment as to that possibility prior to [the defendant's guilty] plea"); *People v. Laws*, 200 Ill. App. 3d 232, 238-39, 558 N.E.2d 638, 642 (1990) (acknowledging that the failure to admonish a defendant regarding the possibility of consecutive sentences when the court is aware of the possibility bars the subsequent imposition of consecutive sentences but finding no error where there was no "evidence that the court was aware at the time of the plea that such a possibility existed"); *People v. McCracken*, 237 Ill. App. 3d 519, 521-22, 604 N.E.2d 1104, 1106 (1992) (finding vacatur of the defendant's plea warranted where he was admonished that he would receive concurrent sentences "unless he was told otherwise" and was never informed of the possibility of consecutive sentences).

¶ 24        In this instance, we do not dispute the case authority defendant cites as it pertains to Rule 402. Notably, however, the relevant language of Rule 402 is significantly distinguishable from that of Rule 402A. Specifically, unlike Rule 402A, Rule 402 explicitly requires a trial court to inform a defendant who is pleading guilty of "the minimum and maximum sentence prescribed by law, *including*, when applicable, the penalty to which the defendant may be subjected because of prior convictions or *consecutive sentences*." (Emphases added.) Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012). The differences in the language of the two rules indicates an intention not to require precisely the same admonishments for defendants who admit to a probation violation and those

- 10 -

who are pleading guilty. See *People v. Santiago*, 236 Ill. 2d 417, 431, 925 N.E.2d 1122, 1130 (2010) ("It is well settled that, by employing certain language in one instance and wholly different language in another, the legislature [(or other drafting body)] indicates that different results were intended.") (Internal quotation marks omitted.).

¶ 25    Defendant acknowledges the differences in the language used in Rule 402(a)(2) and Rule 402A(a)(6) but asserts that due process is a "flexible standard" and the protections it affords "depend on the circumstances of each case." In *Hall*, 198 Ill. 2d at 177, the supreme court stated that "[f]airness, the core meaning of our due process guarantees [citation], is a flexible concept which calls for procedural safeguards tailored to the demands of a particular legal context." However, it also noted that "[p]robation revocation proceedings occur only after a criminal conviction, and a defendant responding to a petition to revoke probation is entitled to fewer procedural rights than a defendant facing trial." *Id.* Rule 402A, which follows the mandate of *Hall*, clearly sets for the procedural safeguards applicable in the "legal context" of probation revocation. As argued by the State, those safeguards are not identical to those required in guilty plea proceedings and do not require admonitions regarding the possibility of consecutive sentences in unrelated cases.

¶ 26    Finally, even assuming that the trial court's Rule 402A admonishments were deficient as alleged by defendant, we would not find he is entitled to vacatur of either his admission to a probation violation or his three-year prison sentence. As defendant acknowledges on appeal, "[t]he failure to properly admonish a defendant, alone, does not automatically establish grounds for reversing the judgment or vacating the plea." *People v. Davis*, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991). "Whether reversal is required depends on whether real justice has been denied or

whether defendant has been prejudiced by the inadequate admonishment." *Id.*

¶ 27        Regarding whether defendant was denied "real justice" or was prejudiced by the lack of a consecutive-sentence admonishment, we find the supreme court's decision in *People v. Gazelle*, 165 Ill. 2d 93, 649 N.E.2d 381 (1995), is instructive. There, the defendant pleaded guilty to burglary in McLean County and was placed on 42 months' probation. *Id.* at 94. While on probation, he was convicted of multiple counts of burglary and theft in Piatt County and sentenced to five years in prison. *Id.* The State then petitioned to revoke the defendant's probation in the McLean County case based on his Piatt County convictions. *Id.* At a hearing on the State's petition, the trial court admonished the defendant regarding the possible penalties associated with the McLean County case, informing him that he faced a sentencing range of three to seven years in prison. *Id.* The defendant admitted the allegations of the State's petition to revoke and the trial court ultimately resentenced him to five years in prison, which it ordered to be served consecutively to the defendant's Piatt County sentence. *Id.*

¶ 28        The defendant appealed, arguing he was misinformed by the trial court, in that "[h]e understood the Judge's explanation to mean that he could receive a maximum of seven years in prison but not two five-year consecutive sentences ***." *Id.* However, the supreme court affirmed the trial court's judgment, stating as follows:

> "We acknowledge that the explanation given by the trial judge in the probation revocation proceedings may have misled the defendant as to his sentencing exposure. The defendant may have reasoned that, with a five-year sentence already imposed in Piatt County, the longest sentence he could have received from the McLean County proceedings would be an additional two years.

However, the defendant's possible confusion is immaterial to the outcome of this case. His admission to the Piatt County convictions in the McLean County revocation proceedings added nothing. Whether the defendant denied the petition, stood mute, or admitted the allegations, the outcome would not have changed. He was on probation for burglary. He had a subsequent conviction for burglary in another county. His probation was violated by that subsequent burglary and he had no defense to the petition to revoke his probation. We can and do take judicial notice of the defendant's convictions in both McLean and Piatt Counties[,] which are part of the record in this case. Reversal and remand of the McLean County probation revocation proceedings for a new revocation hearing would change nothing and would be a waste of judicial time and manpower." *Id.* at 95.

¶ 29 Here, like in *Gazelle*, there is no dispute that defendant was on probation in De Witt County and subsequently convicted of additional felony offenses in Logan County. In fact, he was serving prison sentences relative to his Logan County cases when he admitted the allegations of the State's second petition to revoke in the De Witt County case. Like the defendant in *Gazelle*, defendant had no defense to the State's petition. His assertions on appeal that, had he been admonished regarding the possibility of consecutive sentences, he "could have" challenged the petition or negotiated with the State for a more favorable sentence ignore the reality of his circumstances and are entirely speculative.

¶ 30 Although the fact situation presented in *Gazelle* is strikingly similar to the present case, defendant argues it is inapplicable because it predates both *Hall* and Rule 402A and did not address the necessary admonishments a court must provide a defendant before accepting his or her

- 13 -

admission to a probation violation. We note, however, that the *Gazelle* court essentially employed the same analysis that is utilized when a defendant is found to have been improperly admonished and the result turns on whether he was denied real justice or suffered prejudice. Thus, we find it relevant to those issues, particularly given its factual similarity to this case.

¶ 31 Additionally, we note that in the context of guilty plea proceedings, the Second District has held that a defendant's claim of prejudice resulting from inadequate Rule 402 admonishments was defeated where the defendant did "not allege that he would not have pleaded guilty" had he been properly admonished and, instead, stated only that " 'he could have more accurately considered the sentencing paradigm and determined his potential sentencing range was great enough that it would be more advantageous to elect to stand trial.' " *People v. Williams*, 2012 IL App (2d) 110559, ¶ 18, 980 N.E.2d 768. Again, similar circumstances are presented here. Before the trial court, defendant did not allege that he would have denied violating his probation if he had been aware of the possibility of consecutive sentences. His only assertion was that he would not have originally pleaded guilty, which is not the same allegation. Further, on appeal, he maintains only that, had a consecutive-sentence admonishment been given, he "could have" proceeded in a different manner. Like in *Williams*, such an argument falls short of establishing prejudice.

¶ 32 III. CONCLUSION

¶ 33 For the reasons stated, we affirm the trial court's judgment.

¶ 34 Affirmed.

- 14 -