THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANIEL WILSON, Defendant-Appellant.

Third District    75-362

Opinion filed November 30, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, of State's Attorney, of Peoria, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is taken from the revocation of the defendant's three years' probation. The defendant had been placed on probation after he entered a negotiated plea of guilty to a charge of robbery. The violation of probation with which the defendant was charged are commissions of the offenses of robbery and battery.

The evidence presented at the hearing may be summarized. The defendant testified that, on the night in question, he approached the complaining witness who gave the defendant a watch and bottle of pills, asked the defendant to pray with him and made a sexual overture to the

defendant by patting the defendant's "behind." Because of the sexual advance, the defendant testified, he struck the complaining witness in the face. On the other hand, the complaining witness testified that he was jumped and robbed by a black man who struck him in the nose, breaking his glasses, and took his watch, his medicine and $8. Although the complaining witness was uncertain about a courtroom identification, he did testify that, immediately after the incident, he pointed out to the police the man who robbed him. On cross-examination, the complaining witness said he had prayed, but it was because he was afraid. The arresting officer testified that he responded to a call of robbery in progress within one minute of receiving the call. He observed the defendant and the victim standing in a stairwell at the rear of the victim's residence and that the victim was bleeding from the nose and mouth. The police officer also testified that the victim stated that the defendant had just robbed him. After the victim made this statement, the defendant attempted to flee. Upon recapturing the defendant, the officer testified he found a gold Timex watch, a $5 and two $1 bills and a prescription bottle of pills bearing the victim's name in the defendant's pockets. The defendant appeals the trial court's revocation of probation based on this evidence. We affirm.

The issues presented in this case are two. First, did the State fail to carry its burden of proving robbery and battery by a preponderance of the evidence? Secondly, was the arresting officer's testimony that the victim accused the defendant of robbery at the scene of the incident inadmissible hearsay?

■■ In an action to revoke probation, the State has the burden of proving its case by a preponderance of the competent evidence. (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721; *People v. Dotson* (5th Dist. 1969), 111 Ill. App. 2d 306, 250 N.E.2d 174.) The defendant is entitled to "a conscientious judicial determination" in accordance with "accepted and well recognized procedural methods." (*People v. Pier* (1972), 51 Ill. 2d 96, 100, 281 N.E.2d 289, 291.) However, the evidence need not be clear and convincing. (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 72.) The trial judge has the responsibility of weighing the evidence and resolving any conflicts in the testimony. (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721; *People v. Dandridge* (1st Dist. 1974), 20 Ill. App. 3d 745, 315 N.E.2d 116.) The reviewing court will not substitute its judgment for that of the trial court since the trial judge is in a better position to weigh the testimony given. (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721.) In the present case, the trial judge was in a position to give the proper weight to the uncertainty of the complaining witness relative to a courtroom identification. Likewise, the trial judge, as trier of fact, was free to disbelieve the defendant's testimony that there

was an initial battery by the complaining witness. Sufficient evidence was presented to support the trial court's determination.

■■ As to the second issue, we agree with the defendant that hearsay evidence is not competent evidence for probation revocation hearings. (*People v. Lewis* (1st Dist. 1975), 28 Ill. App. 3d 777, 329 N.E.2d 390; *People v. Malone* (2nd Dist. 1974), 18 Ill. App. 3d 397, 309 N.E.2d 325; *People v. Collins* (1st Dist. 1973), 14 Ill. App. 3d 446, 302 N.E.2d 709.) However, the trial court concluded that the arresting officer's testimony about the statement made by the complaining witness shortly after the incident was testimony of a spontaneous utterance within the *res gestae* of the incident and, therefore, admissible under an exception to the hearsay rule. A statement is a spontaneous utterance if it "referred to an occurrence sufficiently startling to produce a spontaneous and unreflecting statement, there was an absence of time in which to fabricate, and the statement related to the circumstances of the occurrence." (*People v. Rogers* (5th Dist. 1975), 25 Ill. App. 3d 7, 10, 322 N.E.2d 563, 566.) If the statement is a spontaneous declaration, then the victim's statement may be admitted in its entirety. (*People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25.) In *People v. Townsend* (5th Dist. 1969), 111 Ill. App. 2d 316, 250 N.E.2d 169, the *res gestae* exception to the hearsay rule was applied to a robbery victim's statements to police officers immediately following the occurrence. In that case, the statement's spontaneity was not destroyed even though the police officers asked the complaining witness "what happened?"

■■ Each case is to be decided on its own facts, with the trial court being granted a reasonable degree of latitude to determine admissibility. The trial court will have abused its discretion only if the statements are not so intimately connected with the event as to indicate a lack of premeditation. (*People v. Schabatka* (3rd Dist. 1974), 18 Ill. App. 3d 635, 310 N.E.2d 192.) For these reasons, we agree with the trial court's determination that the testimony of the arresting officer concerning the statement of the complaining witness was within the *res gestae* exception to the hearsay rule and, therefore, admissible. Because of this conclusion, we need not decide whether the testimony of the police officer was admissible for the additional reason that the original utterer of the statement was available for cross-examination by the defendant's counsel.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.