THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GLORIA MARION, Defendant-Appellant.

Third District    No. 3—94—0814

Opinion filed September 29, 1995.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Clarke Erickson, State's Attorney, of Kankakee (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Gloria Marion, appeals from the revocation of her probation. On appeal, she argues that the revocation proceeding did not comport with the requirements of due process. We agree.

The record reveals that in June of 1993, the defendant pled guilty

to forgery (Ill. Rev. Stat. 1991, ch. 38, par. 17—3(a)(1)) and theft (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(1)(A)). She was placed on 24 months' probation conditioned upon, among other things, the defendant complying with the Treatment Alternative to Street Crimes (TASC) program. On February 1, 1994, the State filed a petition to revoke probation which alleged that the defendant had been unsuccessfully discharged from TASC.

A proceeding was subsequently held at which a TASC representative noted that the defendant had been unsuccessfully discharged from the TASC program. The defendant and her attorney explained that the defendant was involved in a new program and requested a continuance. The court granted the continuance. The following exchange then took place:

"MR. DICKENSON [The Prosecutor]: Would that be setting or hearing?

THE COURT: Oh, I don't know. I don't think there's any doubt you violated it, is there—there's no doubt you violated your TASC probation?

DEFENDANT GLORIA MARION: No, sir.

THE COURT: She admits the allegation, it's for sentencing and I'll set it into—sometime in June."

At the sentencing hearing, the defendant was sentenced to five years' imprisonment. Following the denial of her motion to reconsider, the defendant filed the instant appeal.

The defendant argues that the circuit court erred in accepting her admission to the allegations in the petition to revoke probation. The defendant contends that the cursory exchange at the revocation proceeding was insufficient to assure that she knowingly and voluntarily admitted the violation of probation.

■ We begin by noting that, unlike a guilty plea, a probation revocation occurs only after there has already been a conviction. (*People v. Tufte* (1995), 165 Ill. 2d 66, 649 N.E.2d 374.) Thus, probationers are entitled to fewer procedural safeguards than defendants who have not been convicted at all. (*People v. DeWitt* (1979), 78 Ill. 2d 82, 397 N.E.2d 1385.) Therefore, at probation revocation proceedings, unlike at guilty plea hearings, the trial court need not comply with all the procedural safeguards of Supreme Court Rules 401(a) (*People v. Barker* (1975), 62 Ill. 2d 57, 338 N.E.2d 385), 402 (*People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745), 411 (*People v. DeWitt* (1979), 78 Ill. 2d 82, 397 N.E.2d 1385), and 605(b) (*People v. Tufte* (1995), 165 Ill. 2d 66, 79, 649 N.E.2d 374, 380-81). Nevertheless, a probation revocation proceeding must still comply with "the minimum requirements of due process." *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 786, 36 L.

Ed. 2d 656, 664, 93 S. Ct. 1756, 1761; *People v. Beard* (1974), 59 Ill. 2d 220, 225, 319 N.E.2d 745, 747.

■ The concept of due process is flexible in scope once it has been determined that some process is due. (*People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745.) In *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289, our supreme court set forth the scope of due process in probation revocation proceedings. The court declared that in such proceedings there must be "a conscientious judicial determination of the charge according to accepted and well recognized procedural methods." (*People v. Pier* (1972), 51 Ill. 2d 96, 100, 281 N.E.2d 289, 291.) Recently, in *People v. Tufte* (1995), 165 Ill. 2d 66, 79, 649 N.E.2d 374, 380-81, our supreme court declined to more precisely define what procedural process is due at a probation revocation proceeding. We believe the court declined to do so because procedural due process is fundamentally a question of whether a fair decision-making process was used. (See J. Nowak, R. Rotunda & J. Young, Constitutional Law ch. 12, § III, at 417 (2d ed. 1983).) Accordingly, it is difficult to formulate strict guidelines to apply to procedural due process issues and it is generally preferable to examine whether the proceedings as a whole were fundamentally fair. See *People v. Kruszyna* (1993), 245 Ill. App. 3d 977, 615 N.E.2d 748; *People v. Saucier* (1991), 221 Ill. App. 3d 287, 581 N.E.2d 852; *People v. Cox* (1990), 197 Ill. App. 3d 239, 554 N.E.2d 360.

■ Based upon our review of the record, we find that the defendant's probation revocation proceeding was fundamentally unfair. It is apparent that there was no "hearing." Instead, the defendant's probation was revoked based upon a single leading question by the trial court: "I don't think there's any doubt you violated it, is there—there's no doubt you violated your TASC probation?" and the defendant's acquiescent response: "No, sir." We believe that such a cursory exchange did not afford the defendant the requisite due process protection. (See *People v. Followell* (1987), 165 Ill. App. 3d 28, 518 N.E.2d 706.) We note that at the probation revocation proceeding, the defendant was not: (1) admonished that by admission she was waiving her right to present and confront witnesses (see *People v. Hoyt* (1984), 129 Ill. App. 3d 331, 472 N.E.2d 568); (2) apprised of the maximum potential penalty (see *People v. Clark* (1987), 157 Ill. App. 3d 371, 510 N.E.2d 1256); or (3) questioned to see if the admission to the probation violation was induced by an unfulfilled prosecution promise (see *People v. Pier* (1972), 51 Ill. 2d 96, 100, 281 N.E.2d 289, 291). Under these circumstances, we find that the defendant's right to minimal due process was violated. Accordingly,

we reverse the order of the circuit court of Kankakee County revoking the defendant's probation and remand the cause for a new hearing.

Reversed and remanded.

STOUDER, P.J., and LYTTON, J., concur.