THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HARVEY STEELE, Defendant-Appellant.

First District (1st Division)   No. 1—94—2049

Opinion filed August 26, 1996.

Rita A. Fry, Public Defender, of Chicago (Michaela J. Kalisiak, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Susan R. Schierl, and Luke P. Sheridan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BRADEN delivered the opinion of the court:

After a hearing in the circuit court of Cook County, the probation of defendant, Harvey Steele, was unsatisfactorily terminated and he was remanded to the custody of the Cook County Department of Corrections for a period of one year.

On appeal, defendant asserts that his probation violation hearing was improperly conducted as the trial court (1) failed to admonish him of his due process rights; (2) "flagrantly violated" his right against self-incrimination by asking him if he violated his probation; and (3) erroneously admitted the hearsay testimony of a probation officer.

We reverse.

On October 6, 1992, defendant was convicted of criminal trespass to a vehicle (720 ILCS 5/21—2 (West 1992)) and criminal damage to property (720 ILCS 5/21—1 (West 1992)). He was sentenced to one year of probation. On February 22, 1993, the adult probation department issued a petition for violation of probation and a warrant for defendant, alleging that he never reported to his probation officer.

A probation violation hearing was then conducted to determine whether any violations occurred. Referring to a document prepared by defendant's probation officer, Donald Brown, also a probation officer, testified that defendant failed to report to his probation officer during the months of October, November, and December 1992, and January 1993. Brown had no personal knowledge of defendant's case.

Shortly before the conclusion of the proceedings, the trial court directly asked defendant if he reported to the probation department in December 1992. Defense counsel stated that defendant would not respond to that question, as he was asserting his fifth amendment privilege. The trial court then explained that defendant's response would not expose him to any future criminal liability. Defense counsel maintained her position and defendant did not answer any

questions about his reporting to the probation department. The trial court found defendant in violation of his probation and sentenced him to a one-year term of incarceration in the Cook County Department of Corrections. He appeals.

■ Defendant maintains that his hearing was conducted without regard to his due process rights. A probation violation hearing must meet certain due process requirements. Due process is satisfied if the probationer (1) is notified of the proceedings; (2) has the opportunity to be heard; (3) has the opportunity to present evidence and confront witnesses; and (4) is represented by counsel. *People v. Acevedo*, 216 Ill. App. 3d 195, 576 N.E.2d 949 (1991). In addition to the notice and opportunity to be heard requirements, this court has also found that a defendant in a probation violation hearing is entitled to (1) a fair determination that the acts upon which the probation violation is predicated actually took place, and (2) fairness throughout the duration of the proceeding. *People v. Allegri*, 109 Ill. 2d 309, 487 N.E.2d 606 (1985).

■ In this case, the conduct of the trial court resulted in the collapse of due process. Shortly before the conclusion of the hearing, the trial court directly asked defendant to respond to the very question the hearing was to resolve. Effectively, the trial court attempted to induce defendant into admitting a probation violation. Defendant continued to resist the trial court's question. When the trial court was satisfied that defendant did not intend to respond to the inquiry, it interpreted this refusal as an admission of a probation violation and sentenced defendant to one year in the Cook County Department of Corrections.

It is with this action that the trial court surrendered its responsibility as the trier of fact and abandoned fundamental fairness principles. Forcing a defendant to respond to such a question would, while not exposing him to future criminal liability, compel him to admit the very thing that is the essence of the hearing or the ultimate question in the case. Such conduct by trial courts is improper. If a defendant is found to have violated his probation, this determination is made based on the evidence presented. The trial court cannot assist the State in satisfying its burden of proof by inviting a defendant to disregard his constitutional rights and incriminate himself.

Probation violation hearings are conducted in an attempt to ascertain the existence of any deviation by the defendant from the prescribed terms of his probation. Pursuant to this objective, trial courts are entrusted with the responsibility of presiding over these matters and, like other cases, ensuring that the defendant is afforded

a fair hearing. This case compels us to confront the integral issue of fundamental fairness. A defendant's right to a fair hearing is an essential component of our justice system and, as such, will invariably be safeguarded by this court. We accordingly find that the trial court's attempt to provoke defendant into incriminating himself violated his due process rights and defendant was consequently not afforded a fair hearing.

For the aforementioned reasons, we reverse the judgment of the circuit court of Cook County which unsatisfactorily terminated defendant's probation. As we so hold, it is unnecessary to address defendant's additional contentions.

Reversed.

CAMPBELL, P.J., and BUCKLEY, J., concur.