THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THEREON B. BELL, JR., Defendant-Appellant.

Fourth District    No. 4—97—0170

Opinion filed May 4, 1998.

Charles M. Schiedel and Allen H. Andrews (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On November 8, 1993, defendant, Thereon Bell, pleaded guilty to burglary. Ill. Rev. Stat. 1991, ch. 38, par. 19—1. On December 28, 1993, the trial court sentenced defendant to 30 months' probation, 50 hours of community service, a $25 monthly probation service fee when he was employed, $173 in court costs and $100 public defender's fee.

A petition to revoke defendant's probation was filed on June 18, 1996, alleging defendant failed to pay court costs, probation service fees and the public defender's fee. A hearing was held on the petition to revoke probation on December 6, 1996. Over defendant's objection, the State called defendant as its only witness. Defendant testified he knew he had been ordered to pay costs, probation fees, and a public defender fee but had not done so. The trial court found defendant had violated the terms of his probation and revoked it.

On February 14, 1997, defendant was sentenced to another 30-month term of probation, including 50 days in jail and 50 hours of community service. He was ordered to pay a $10 monthly probation fee in addition to the $25 monthly fee owed from the original term of probation, costs of $173 and a public defender's fee of $100. Defendant appeals, claiming forcing him to testify at the probation revocation hearing violated his fifth amendment privilege against self-incrimination and violated his due process rights to a fundamentally fair hearing, and the trial court erred in assessing a public defender's fee without holding a hearing to determine his ability to pay the fee. We find no violation of defendant's fifth amendment and due process rights but vacate the recoupment order and remand for the purpose of holding a hearing to determine defendant's ability to pay the assessed public defender fees.

There are no factual or credibility issues in this case. It is appropriate to conduct *de novo* review. *People v. Dilworth*, 169 Ill. 2d 195, 201, 661 N.E.2d 310, 314 (1996).

Defendant acknowledges this court has held calling a defendant as a witness at a probation revocation hearing does not violate the fifth amendment to the United States Constitution providing the testimony elicited would not incriminate the defendant in any other proceeding. *People v. Martin*, 226 Ill. App. 3d 753, 759, 589 N.E.2d 815, 818 (1992). Defendant requests this court to reconsider its ruling and grant him a new revocation hearing.

■ A probation revocation proceeding is noncriminal. *People v. Neckopulos*, 284 Ill. App. 3d 660, 665, 672 N.E.2d 757, 761 (1996), citing *Minnesota v. Murphy*, 465 U.S. 420, 435-36 n.7, 79 L. Ed. 2d 409, 425 n.7, 104 S. Ct. 1136, 1146-47 n.7 (1984), citing *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973). Section 115—16 of the Code of Criminal Procedure of 1963 (Code) bars the State from calling a defendant as a witness absent a request on the part of the defendant (725 ILCS 5/115—16 (West 1996)). However, there is no barrier against a party to a civil action being called to testify on behalf of the other party. Defendant argues a probation revocation results in significant deprivation of liberty and, therefore, a

probationer should not be deprived of the protections provided by the fifth amendment privilege against self-incrimination simply because a probation revocation is noncriminal.

■ A probation revocation proceeding has not been arbitrarily labeled a noncriminal proceeding. A sentence of probation is a form of agreement between a defendant and the criminal justice system with severe consequences if the agreement is broken. *People v. Brown*, 137 Ill. App. 3d 453, 455, 484 N.E.2d 945, 946 (1985). Defendant argues probation revocation proceedings share many characteristics with a criminal trial such as written charges, the right to be heard, the right to confront and cross-examine witnesses and a burden of proof placed on the State. In fact the burden of proof required of the State in proving a violation of probation is only preponderance of the evidence. 730 ILCS 5/5—6—4(c) (West 1996). All of these characteristics, taken together, are no different from those found in civil proceedings. See *City of Chicago v. Shell Oil Co.*, 29 Ill. 2d 136, 140, 193 N.E.2d 759, 761 (1963); *Diamond Mortgage Corp. v. Armstrong*, 176 Ill. App. 3d 64, 69, 530 N.E.2d 1041, 1044 (1988); *Lakeview Trust & Savings Bank v. Estrada*, 134 Ill. App. 3d 792, 808, 480 N.E.2d 1312, 1324 (1985).

■ A defendant in a noncriminal proceeding has no privilege against self-incrimination. Defendant presents no persuasive reason to hold a probation revocation hearing is not a civil proceeding and to overrule our decision in *Martin*.

Defendant disputes the correctness of our decision in *Martin*, but also contends this case does not come within the holding of *Martin*. Defendant argues forcing him to testify he failed to pay the assessed public defender fee forced him to incriminate himself for contempt of court and, thus, his testimony would incriminate him in another proceeding, a situation that we held in *Martin* would be violative of a defendant's fifth amendment right. *Martin*, 226 Ill. App. 3d at 759, 589 N.E.2d at 818. The precise language used by the court in *Martin* was:

> "[W]e hold that consistent with the fifth amendment to the United States Constitution, the State may call a defendant to testify at a probation revocation hearing to elicit testimony which would show that the defendant had violated conditions of his probation but which would not incriminate him in *any other proceedings*." (Emphasis added.) *Martin*, 226 Ill. App. 3d at 759, 589 N.E.2d at 818.

Defendant argues for a generous definition of the term "any" to modify "other proceedings." He notes a defendant who fails to obey an order of the court to reimburse the county for appointed counsel

"may be punished for contempt of court." 725 ILCS 5/113—3.1(g) (West 1996). As this statute specifically states it is intended to punish the defendant who fails to pay the assessed public defender fees, defendant contends it refers to criminal contempt and not civil contempt. See *Marcisz v. Marcisz*, 65 Ill. 2d 206, 209, 357 N.E.2d 477, 479 (1976), quoting *People ex rel. Chicago Bar Ass'n v. Barasch*, 21 Ill. 2d 407, 409-10, 173 N.E.2d 417, 418-19 (1961). The nonpayment of the fee would constitute an indirect contempt, which is defined as contempt "in which the whole or an essential part of the contemptuous acts occur out of the presence of the court." *People v. Javaras*, 51 Ill. 2d 296, 300, 281 N.E.2d 670, 672 (1972).

An indirect contempt proceeding is initiated by informing the alleged contemnor of the charges against him by information, notice citation, or rule to show cause. *Javaras*, 51 Ill. 2d at 300, 281 N.E.2d at 672. A probationer cannot be held in contempt when the only charging instrument filed is a petition to revoke probation. See *People v. Boucher*, 179 Ill. App. 3d 832, 835-836, 535 N.E.2d 56, 58-59 (1989). Thus, defendant argues a later contempt proceeding must be a proceeding separate from the revocation.

Contempt proceedings, however, while called either civil or criminal, are actually neither. *Chicago Bar Ass'n*, 21 Ill. 2d at 409, 173 N.E.2d at 418. "Proceedings in the nature of criminal contempt have been defined as those directed to preservation of the dignity and authority of the court ***." *Chicago Bar Ass'n*, 21 Ill. 2d at 409, 173 N.E.2d at 418. The intent of the court in *Martin* was not that "other proceedings" refer to a contempt proceeding enforcing a trial court's authority in the case before it but that it refer to other criminal charges. The *Martin* court discussed *Murphy*, where the Supreme Court held if questions put to a probationer, relevant to his probationary status, also call for answers that would incriminate him in a *pending or later criminal prosecution*, a fifth amendment right against self-incrimination would attach. *Martin*, 226 Ill. App. 3d at 757, 589 N.E.2d at 817. See *Murphy*, 465 U.S. at 435, 79 L. Ed. 2d at 424-25, 104 S. Ct. at 1146.

We believe the language in *Martin*, "any other proceedings," applies to other contemporaneous or later criminal proceedings and not contempt proceedings. We also believe there is no violation of defendant's fifth amendment right in this case because there is no *realistic* threat the defendant's answers will be used against him in a later indirect contempt proceeding. We are aware of no case where a defendant has been subject to a probation revocation proceeding and a later indirect criminal contempt. In the unlikely event a prosecutor attempted to do so, we might well consider the fifth amendment challenge in a different light.

To avoid such concerns, the better practice would seem to be for the State to call its own witnesses rather than attempting to prove a violation of probation by calling only the defendant. If it is necessary to call the defendant, the State might offer the probationer immunity for any contempt arising out of his admission of a nonpayment of fees and costs.

Defendant argues next even if he did not have a fifth amendment privilege against self-incrimination in the probation revocation proceedings, forcing him to admit he violated the terms of his probation is violative of his right to a fundamentally fair probation hearing as guaranteed by the due process clauses of the state and federal constitutions. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 2. Due process considerations require a formal admission to a probation violation. Waiving the right to a judicial determination of the violation must be voluntary. *People v. Pier*, 51 Ill. 2d 96, 100, 281 N.E.2d 289, 291 (1972). Defendant argues an involuntary admission in a probation violation hearing should also be prohibited on due process grounds. He contends the view due process guarantees a right against self-incrimination at a probation violation hearing has been accepted in *People v. Steele*, 283 Ill. App. 3d 413, 670 N.E.2d 757 (1996). There are factual distinctions between *Steele* and this case, however.

In *Steele*, a petition for violation of probation was filed against the defendant alleging he never reported to his probation officer. At the hearing on the petition, a different probation officer than the one assigned to the defendant testified from a document prepared by the defendant's probation officer the defendant failed to report for four consecutive months. The trial court then directly asked the defendant if he failed to report to the probation department during the months indicated. Defense counsel stated the defendant would not respond and would assert his fifth amendment privilege. The trial court told the defendant his response would not subject him to future criminal liability and found the defendant's refusal to answer to be an admission. Probation was revoked and the defendant was sentenced to one year in jail. *Steele*, 283 Ill. App. 3d at 414-15, 670 N.E.2d at 758-59.

On appeal, the trial court was reversed on the grounds it abdicated its responsibility as the trier of fact and abandoned fundamental fairness principles. *Steele*, 283 Ill. App. 3d at 415, 670 N.E.2d at 759. The determination of a violation of probation must be based on the evidence presented and the trial court cannot help the State with its burden of proof by asking a defendant to disregard his constitutional rights and incriminate himself, compelling him to admit the ultimate factual question of the case. The defendant's right to a fundamentally fair hearing was denied. *Steele*, 283 Ill. App. 3d at 415-16, 670 N.E.2d at 759.

In this case, the trial court did not attempt to question defendant. The State called defendant as an adverse witness and questioned him on whether he had paid the assessments required under the terms of his probation. The trial court did not involve itself in questioning defendant but remained solely the trier of fact. This preserved the fundamental fairness of the probation violation hearing.

Due process is flexible and calls for the procedural protections a particular situation demands. *Morrissey v. Brewer*, 408 U.S. 471, 481, 33 L. Ed. 2d 484, 494, 92 S. Ct. 2593, 2600 (1972); *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 92, 606 N.E.2d 1111, 1119 (1992). Due process requires fewer procedural safeguards in a probation revocation hearing. *People v. DeWitt*, 78 Ill. 2d 82, 85, 397 N.E.2d 1385, 1386 (1979). A probationer has already been convicted of a crime resulting in probation and, therefore, is entitled to fewer procedural safeguards than one who has not been convicted at all. *Gagnon*, 411 U.S. at 789, 36 L. Ed. 2d at 665-66, 93 S. Ct. at 1763.

*Gagnon* held due process requires a probationer be given written notice of the alleged violation, disclosure of the evidence against him, the opportunity to be heard in person and to present testimonial and documentary evidence, confrontation and cross-examination of adverse witnesses, judgment by a neutral and detached hearing body, receipt of a written statement by the fact finder stating the evidence relied on and the reason for the finding and, depending on the circumstances, assistance of counsel. *Gagnon*, 411 U.S. at 782, 786, 788, 36 L. Ed. 2d at 662, 664, 665, 93 S. Ct. at 1760, 1761-62, 1763. By statute Illinois requires notice to the probationer of a petition charging a violation of probation; a court hearing on the alleged violation; the right to be heard and confront and cross-examine witnesses; the right to representation by counsel in all circumstances; and the State has the burden to go forward with evidence and prove the violation by a preponderance of the evidence. 730 ILCS 5/5—6—4(a) through (c) (West 1996).

There is no question defendant received notice of the violations against him, was represented by counsel, had a hearing in open court, could have presented witnesses in his own behalf and his counsel cross-examined him as the State's witness. Defendant was afforded due process in his probation violation hearing.

Defendant also contends his due process rights to be heard, confront and cross-examine witnesses, and receive assistance of counsel were interfered with by compelling him to testify. Further, he contends the State was relieved of its burden of proof by his testimony.

Defendant contends the corollary to the right to be heard is the right to remain silent. As was noted earlier, however, a probation violation hearing is a noncriminal proceeding and, in a civil context, a party is required to testify or suffer the consequences. In a civil proceeding, if a party refuses to testify, the court can draw negative inferences against the party. See *Baxter v. Palmigiano*, 425 U.S. 308, 318, 47 L. Ed. 2d 810, 821, 96 S. Ct. 1551, 1558 (1976). These inferences apply specifically to a probation revocation hearing.

"[N]othing in the Federal Constitution would prevent a State from revoking probation for a refusal to answer that violated an express condition of probation or from using the probationer's silence as 'one of a number of factors to be considered by the finder of fact' in deciding whether other conditions of probation have been violated." *Murphy*, 465 U.S. at 435 n.7, 79 L. Ed. 2d at 425 n.7, 104 S. Ct. at 1146 n.7, quoting *Lefkowitz v. Cunningham*, 431 U.S. 801, 808 n.5, 53 L. Ed. 2d 1, 9 n.5, 97 S. Ct. 2132, 2137 n.5 (1977).

A refusal to testify on the part of the probationer would be considered an admission he violated his probation. *Cf.* 3 W. LaFave & J. Israel, Criminal Procedure § 25.4(c), at 166 (1984) (probationer has the dilemma of testifying and risking revocation, or not testifying and risking revocation anyway due to the State's low burden of proof). The right to remain silent in a probation violation hearing is tempered by the inference that can be drawn from the silence. Defendant contends this interferes with his right to counsel as the most important advice counsel can give is whether to testify. Counsel's advice would be useless if refusal to testify would result in legal harm.

Counsel has other assistance to render. Counsel can examine witnesses on behalf of a defendant and can cross-examine the State's witnesses. Neither role was denied counsel or defendant here. The State's burden of proof was not eliminated by requiring defendant to testify. Depending on the actual content of defendant's testimony, the State may have needed more evidence to prove the probation violations. In that case, defense counsel would have had more to do. In this case defendant admitted to the probation violations and provided no reason he was unable to comply with the terms of probation. Compelling defendant to testify as a witness for the State did not deprive him of any due process safeguards due him in a probation violation hearing.

■ Defendant's final argument is the trial court erred in assessing a public defender reimbursement fee without holding a hearing to determine defendant's ability to pay the fee. Section 113—3.1 of the

Code allows a trial court to order a defendant to pay a reasonable sum to reimburse the county for representation by court-appointed counsel. 725 ILCS 5/113—3.1(a) (West 1996). To determine the appropriate amount to be paid, a hearing into the defendant's financial circumstances is required to be held prior to ordering reimbursement. 725 ILCS 5/113—3.1(a) (West 1996).

Recently, the supreme court was asked to determine whether the hearing reference in section 113—3.1(a) merely allowed a trial court to hold such a hearing or required it do so. The court held section 113—3.1 *requires* a trial court to "conduct a hearing into a defendant's financial circumstances and find an ability to pay before it may order the defendant to pay reimbursement for appointed counsel." *People v. Love*, 177 Ill. 2d 550, 563, 687 N.E.2d 32, 38 (1997). At the required hearing, the focus must be on the foreseeable ability of the defendant to pay reimbursement as well as the costs of the representation provided. *Love*, 177 Ill. 2d at 563, 687 N.E.2d at 38. No hearing was held in this case.

The State argues defendant has waived this issue. The State contends the original order of probation included assessment of a $100 public defender fee. Defendant did not appeal his original guilty plea and sentence and, therefore, the State contends, the issue of the public defender fee is not before this court in this appeal. See *People v. Jolliff*, 183 Ill. App. 3d 962, 967, 539 N.E.2d 913, 916 (1989).

■ Section 5—6—4 of the Unified Code of Corrections provides if a trial court finds a violation of probation, the existing sentence may be continued, with or without modifications, or a new sentence may be imposed. 730 ILCS 5/5—6—4(e) (West 1996). After the trial court found a violation of probation on December 6, 1996, and revoked probation, a sentencing hearing was held on February 14, 1997. At the sentencing hearing the State recommended a term of incarceration while defendant asked to be readmitted to probation. The trial judge ordered defendant be placed on 30 months' probation with no credit for time already served. He ordered defendant to do 50 hours' additional public service work and serve 50 days in jail. Defendant was also ordered to pay 20% of his salary in child support, probation fees in the amount of $10 per month, past-due probation fees, court costs of $173, and a $100 public defender fee.

This was a new sentence of probation and new monetary assessments were made. The trial court did not say defendant would be paying $100 previously due in public defender fees; it assessed a new fee of $100. Supreme Court Rule 604(b) provides for the appeal from a modification or revocation of probation. 145 Ill. 2d R. 604(b). On appeal from the revocation of probation, issues that may be raised must

concern the propriety of the revocation and the sentence imposed. *People v. Combs*, 197 Ill. App. 3d 758, 761, 555 N.E.2d 66, 67 (1990). The imposition of a public defender fee as a condition of defendant's sentence of probation is appealable.

Finally, the State contends because defendant did not object to the lack of a hearing in the trial court, he has waived any error in the imposition of the reimbursement order. However, we find, as did the court in *Love*, there was plain error in the failure to hold a hearing. *Love*, 177 Ill. 2d at 564, 687 N.E.2d at 39. The trial court in this case, as did the court in *Love*, imposed a reimbursement order in a perfunctory manner as if it were a matter of course in every case. The trial court did not consider defendant's current financial circumstances or allow defendant an opportunity to present evidence or otherwise contest the imposition of a reimbursement order. While evidence was presented during the hearing on the violations of probation that defendant was employed during his first term of probation, no evidence was presented concerning his financial circumstances at the time of the sentencing hearing. In fact, there were indications he may no longer have a job because of incarceration. Further, the trial court imposed additional probation fees and required 20% of defendant's income be applied to child support, expenses defendant did not have under the original sentence of probation. The trial court's failure to follow the procedures required by section 113—3.1 requires us to vacate the reimbursement order, despite defendant's failure to object.

We affirm the judgment of the trial court revoking defendant's probation but vacate the reimbursement order and remand for a hearing pursuant to section 113—3.1.

Affirmed in part, vacated in part, and remanded.

GARMAN, P.J., and STEIGMANN, J., concur.