THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JILLENA L. RENNER, Defendant-Appellee.

Fifth District    No. 5—99—0520

Opinion filed May 18, 2001.

Teresa Phillips, State's Attorney, of Taylorville (Norbert J. Goetten, Stephen E. Norris, and Sharee S. Langenstein, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Gregory B. Grigsby, of Grigsby, Swiney, Wilson & Grigsby, of Taylorville, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

The State appeals from the circuit court's order *in limine* that excluded from a probation revocation hearing the results of the defendant's urine test by means of a certified laboratory report. The State has filed a certificate of impairment and appeals.

On July 27, 1998, pursuant to negotiations while represented by counsel, Jillena L. Renner (defendant) pleaded guilty to driving while license revoked (625 ILCS 5/6—303(c)(1), (d) (West 1996)) and was sentenced to 24 months' probation. In its order, the circuit court listed the following as incidents of probation:

"19. The defendant shall refrain from having in his or her body the presence of any illicit drug prohibited by the Cannabis Control Act or the Illinois Controlled Substances Act, unless prescribed by a physician, and shall submit samples of his or her blood or urine or both for tests to determine the presence of any illicit drug. The defendant shall submit to any breath, blood[,] or urine test requested by the Probation Officer at his or her own expense. The defendant agrees that any written or printed laboratory result from a certified laboratory shall be admissible in any proceeding to revoke this order of probation.

20. The defendant shall submit to any urine test requested by his or her Probation Officer at his or her own expense. The defendant agrees that any result of testing at the Probation Office is admissible in any proceeding to revoke this Order of Probation. The defendant acknowledges that the cost incident to drug testing at the Christian County Probation Office is $6.00 per test requested."

On February 4, 1999, the State filed a petition to revoke probation, which alleged that defendant tested positive for THC (cannabis) and cocaine on November 2, 1998, and tested positive for THC in the Christian County probation office on December 3, 1998. On March 23, 1999, an amended petition to revoke probation was filed, which added

an allegation that defendant willfully failed to pay fines, costs, and/or probation fees totaling $1,180.

On May 26, 1999, defendant filed a motion *in limine*, which alleged that the introduction into evidence at the probation revocation hearing of LabCorp's written document purporting to be a confirmation of LabCorp's test results of defendant's urine would be hearsay. The motion further alleged that any purported waiver of the inadmissibility of confirmation would be unconstitutional as a violation of her fundamental due process rights.

At the May 28, 1999, hearing on defendant's motion *in limine*, defendant argued that evidence of her urine samples was inadmissible because a reliable foundation for the admission of the drug screens into evidence had not been established and the type of confirmation test used on the urine samples is unknown. Defendant also argued that evidence of the results of the urine tests is hearsay. She further argued that the waiver she signed, when she signed the probation order, is unconstitutional because she has a right to confront the witnesses against her and to cross-examine those witnesses (U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8) and because the waiver was not knowingly and voluntarily made and was not made in court. Defendant lastly argued that the waiver shifted the burden of proof from the State to defendant.

The State responded that defendant waived her right to a confirmation test on the positive November 2 urine test and that a witness would testify to the positive screening on November 2. In reference to the December 3, 1998, positive urine test, the prosecutor stated that defendant did ask for a confirmation test, but the State was not statutorily required to provide a confirmation test. The State further argued that the probation officer explained the conditions of probation prior to defendant's signing the waiver and that if defendant did not agree to certain conditions of probation, the State would not enter into plea agreements for probation.

In rebuttal, defendant argued that the court, not the probation officer, has to tell defendant that she is waiving certain rights. Defendant further argued that urine tests done in the probation office by a probation officer and unconfirmed as to reliability are not admissible into evidence.

On July 2, 1999, the court found the laboratory tests to be hearsay and not admissible under the business-records exception to the hearsay rule. The court granted defendant's motion *in limine* and stated that it would admit the laboratory report if the State could confirm the test result or present other reliable evidence of drug use at the time of the test.

On July 30, 1999, the State filed a notice of appeal.

■ Section 5—6—3(b)(16) of the Unified Code of Corrections provides:

"(b) The Court may in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the Court require that the person:

\* \* \*

(16) refrain from having in his or her body the presence of any illicit drug prohibited by the Cannabis Control Act or the Illinois Controlled Substance Act, unless prescribed by a physician, and submit samples of his or her blood or urine or both for tests to determine the presence of any illicit drug." 730 ILCS 5/5—6—3(b)(16) (West 1996).

■ We begin by noting that, unlike a guilty plea, a probation revocation occurs only after there has already been a conviction. *People v. Marion*, 275 Ill. App. 3d 494, 495, 656 N.E.2d 440, 441 (1995). Thus, probationers are entitled to fewer procedural safeguards than defendants who have not been convicted at all. *Marion*, 275 Ill. App. 3d at 495, 656 N.E.2d at 441; *People v. Bell*, 296 Ill. App. 3d 146, 152, 694 N.E.2d 673, 679 (1998). Nevertheless, a probation revocation proceeding must still comply with the minimum requirements of due process. *Marion*, 275 Ill. App. 3d at 495, 656 N.E.2d at 442; *People v. Bedenkop*, 252 Ill. App. 3d 419, 421, 625 N.E.2d 123, 125 (1993). In probation revocation proceedings, there must be a conscientious judicial determination of the charge according to accepted and well-recognized procedural methods. *Marion*, 275 Ill. App. 3d at 496, 656 N.E.2d at 442. A probation violation hearing must meet certain due process requirements. *People v. Steele*, 283 Ill. App. 3d 413, 415, 670 N.E.2d 757, 758 (1996). Due process is satisfied if the probationer (1) is notified of the proceedings, (2) has the opportunity to be heard, (3) has the opportunity to present evidence and confront witnesses, and (4) is represented by counsel. *Steele*, 283 Ill. App. 3d at 415, 670 N.E.2d at 758-59. In addition to the notice and an-opportunity-to-be-heard requirements, a defendant in a probation violation hearing is entitled to (1) a fair determination that the acts upon which the probation violation is predicated actually took place and (2) fairness throughout the duration of the proceedings. *Steele*, 283 Ill. App. 3d at 415, 670 N.E.2d at 759.

■ At a probation revocation hearing, the State has the burden of going forward with the evidence and proving the violation of probation by a preponderance of the evidence, while using only competent evidence. *In re N.W.*, 293 Ill. App. 3d 794, 799, 688 N.E.2d 855, 858 (1997);

*Bedenkop*, 252 Ill. App. 3d at 422, 625 N.E.2d at 125. Hearsay evidence is not competent evidence in probation revocation proceedings; therefore, hearsay testimony is not competent to sustain the State's burden of proof, at least not over the defendant's objection. *In re N.W.*, 293 Ill. App. 3d at 799, 688 N.E.2d at 859; see also *People v. Wilson*, 44 Ill. App. 3d 15, 17, 357 N.E.2d 842, 844 (1976). The confrontation clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 8) permits hearsay evidence to be admitted against a defendant only where either the evidence falls within a firmly rooted hearsay exception or particularized guarantees of trustworthiness assure the reliability of the evidence. *People v. McClanahan*, 191 Ill. 2d 127, 132, 729 N.E.2d 470, 474 (2000); *People v. Thomas*, 313 Ill. App. 3d 998, 1002, 730 N.E.2d 618, 622-23 (2000).

■ There are limits on what conditions a trial court can impose as incidents of probation. See *People v. Johnson*, 174 Ill. App. 3d 812, 528 N.E.2d 1360 (1988) (the appellate court vacated an incident of supervision, to which the defendant had agreed prior to being placed on supervision, that the defendant place an advertisement in a local daily newspaper, publishing the defendant's booking picture together with an apology for driving under the influence of alcohol); *People v. Dunn*, 43 Ill. App. 3d 94, 356 N.E.2d 1137 (1976) (the appellate court held that the circuit court acted improperly in imposing, as a condition of probation, the requirement that the defendant get a short haircut and maintain his appearance in a manner approved by the probation office). In the case at bar, the probation order imposed a condition not provided by statute. Even if such provision had been provided by statute, this court would find that defendant's right to confront the witnesses against her was violated. A waiver of a constitutional right is valid only if it is clearly established that there was an intentional relinquishment or abandonment of a known right. *McClanahan*, 191 Ill. 2d at 137, 729 N.E.2d at 476. Such waivers must not only be voluntary but also must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *McClanahan*, 191 Ill. 2d at 137, 729 N.E.2d at 476. This principle has been applied to a defendant's confrontation rights. See *McClanahan*, 191 Ill. 2d at 137, 729 N.E.2d at 476.

In *People v. McClanahan*, 191 Ill. 2d 127, 729 N.E.2d 470 (2000), our supreme court found section 115—15 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—15 (West 1998)) to be unconstitutional, because the statute impermissibly required a defendant to take a procedural step to secure his confrontation rights or be deemed to have waived them and did not require that the waiver of a fundamental constitutional right be a knowing, intelligent, and volun-

tary act. *McClanahan*, 191 Ill. 2d at 140, 729 N.E.2d at 478. Section 115—15 of the Code allowed the State, in prosecutions under the Cannabis Control Act (720 ILCS 550/1 *et seq.* (West 1998)) or the Illinois Controlled Substances Act (720 ILCS 570/101 *et seq.* (West 1998)), to use lab reports in lieu of actual testimony as *prima facie* evidence of the contents of the substance at issue unless the defendant filed a demand for the testimony of the witness who prepared the report. The demand had to be filed within seven days of the defense's receipt of the report.

In the case at bar, defendant did not knowingly waive her right to confront the witnesses against her at a probation revocation proceeding. In the State's brief, it argues that probation is a contract between the State and a defendant. The court advised defendant that there were many conditions of probation, but the court did not name the subject of this appeal as an incident of probation. The contract, however, did not provide for the admission of "any written or printed laboratory result from a certified laboratory" into evidence at a probation revocation proceeding. In court, there was no mention of this provision prior to defendant's plea of guilty, and it was not mentioned until after revocation proceedings were initiated. Defendant's failure to file a Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) motion to withdraw her guilty plea is not acquiescence in the conditions of probation, as the State argues. A defendant is not required to file a motion to withdraw the guilty plea when she is sentenced outside the range of sentence agreed to by the parties. *People v. Foster*, 308 Ill. App. 3d 286, 719 N.E.2d 1163 (1999). In the case at bar, the condition of probation was outside the range of permissible conditions, absent a voluntary and knowing waiver. We note that this provision provides for fewer indicia of reliability and trustworthiness than section 115—15 of the Code, which was declared unconstitutional in *McClanahan*.

The State relies on *People v. Sherrod*, 279 Ill. App. 3d 383, 664 N.E.2d 1066 (1996), in which the defendant's sole contention on appeal was that he was denied due process when the probation revocation proceeding was held in his absence. After being arrested, Sherrod signed a certificate that his failure to appear would constitute a waiver to confront the witnesses against him and that a trial could be held in his absence. The appellate court held that the certificate complied with section 113—4(e) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 113—4(e)) and that the waiver carried over to the probation revocation proceeding. In the case at bar, the "waiver" occurred after the guilty plea rather than before. Further, in the case at bar, it appears that defendant's counsel had not seen the probation order until after the court had accepted defendant's guilty plea.

The State also relies on *People v. Eiland*, 217 Ill. App. 3d 250, 576 N.E.2d 1185 (1991), in which the defendant, who was on probation at the time of the offenses, was found guilty by a jury of certain offenses. On appeal, Eiland contended the court erred in denying his motion to suppress. A condition of the probation order provided for the defendant's consent to a search of his "person, residence, papers, automobile[,] and/or effects" upon request by the probation officer and his consent to the use, in a court proceeding, of anything seized as evidence. *Eiland*, 217 Ill. App. 3d at 257, 576 N.E.2d at 1191. This court held, relying on *Griffin v. Wisconsin*, 483 U.S. 868, 97 L. Ed. 2d 709, 107 S. Ct. 3164 (1987), that the condition of Eiland's probation was a reasonable response to the special needs of the Illinois probation system and that, therefore, a search which is "reasonable" within the meaning of the fourth amendment to the United States Constitution would be a justified departure from the usual warrant and probable-cause requirements. *Eiland*, 217 Ill. App. 3d at 257, 576 N.E.2d at 1191.

In contrast to *Eiland*, in the case at bar there is no way for defendant to contest the evidence against her. Waivers, which can result in the loss of liberty, are not favored. In *Eiland*, the defendant could contest the reasonableness of the search, while here there is no standard by which to contest this waiver. Neither by this court's opinion nor by the trial court's order *in limine* is the State prevented from introducing the results of defendant's urine tests into evidence. The State must do so by means other than introducing "any written or printed laboratory result from a certified laboratory." The traditional rules of evidence must be adhered to, and a proper chain of custody must be established.

For the foregoing reasons, the order *in limine* of the circuit court is affirmed, and this cause is remanded for further proceedings.

Affirmed; cause remanded.

RARICK and KUEHN, JJ., concur.