NOTICE
Decision filed 12/24/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250145-U

NO. 5-25-0145

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 21-CF-939 |
| | ) | |
| MARCUS D. LITTLE JR., | ) | Honorable |
| | ) | Matthew D. Lee, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order revoking defendant's probation is affirmed where defendant failed to show plain error.

¶ 2    Defendant, Marcus D. Little Jr., appeals the trial court's order revoking his probation and argues that insufficient evidence was submitted to affirm the order. For the following reasons, we affirm defendant's probation revocation.

¶ 3                                    I. BACKGROUND

¶ 4    On August 6, 2021, defendant was charged, by information, with one count of unlawful possession with intent to deliver cannabis, in violation of section 5(c) of the Cannabis Control Act (720 ILCS 550/5(c) (West 2020)). On February 16, 2022, a plea agreement in which defendant would plead guilty to the charge and receive 24 months of probation was presented to the trial

1

court. After admonishments were administered regarding defendant's rights and the potential extended term sentencing related to the charge, the factual basis was provided, and the court accepted the plea. The court then sentenced defendant to serve "a period of 24 months of probation subject to the standard rules and conditions of probation."

¶ 5    On September 13, 2023, a probation violation report was filed with the court alleging that defendant reported for the initial intake appointment but failed to report for scheduled visits on July 20, 2022, October 20, 2022, and November 10, 2022. The probation officer recommended that defendant's probation be revoked.

¶ 6    On September 15, 2023, the State filed a petition to revoke probation based on the probation violation report. Defendant was arraigned on the petition to revoke charges on December 21, 2023, at which time defendant advised the court that he preferred to represent himself in the proceedings. Following admonishments addressing defendant's request to proceed *pro se*, the court granted defendant's request.

¶ 7    A hearing on the State's petition to revoke probation was held on November 22, 2024. The State requested the court take judicial notice of the February 16, 2022, sentencing order which set forth the terms of defendant's probation, and it agreed to take judicial notice. Sophia Taylor, who worked as a court services officer for 10 months in Champaign County, testified that her primary responsibilities as a court services officer involved guiding clients through their probationary conditions to ensure court order compliance. Ms. Taylor further testified that the probation office kept records of every client as required by law, defendant's records were kept, and she reviewed them prior to the hearing.

¶ 8    Ms. Taylor explained defendant's probation requirements stating that he needed to report to Champaign County court services at least twice a month. He reported for his initial intake on

March 7, 2022, and was directed to report at a moderate level, which involves reporting "for in-person office visits alternating with field service or home visits." Ms. Taylor explained that home visits were when field services went to the probationer's home to make contact with them if they did not report in person. She confirmed that home visits were scheduled in advance.

¶ 9     Ms. Taylor testified that defendant was advised of a home visit scheduled for July 10, 2022. However, defendant was not present for the home visit. Defendant was then scheduled to report to court services on October 20, 2022, but failed to report. A letter was then mailed to defendant's residence on November 1, 2022, instructing him to report on November 10, 2022, but defendant failed to report on that date as well. She testified that defendant never reported to court services after his initial intake appointment.

¶ 10    On cross-examination, Ms. Taylor explained that the initial intake was the very first scheduled office visit. She confirmed that defendant appeared for that visit. The court asked defendant if he had any other questions for the witness. Defendant advised the court that he had a letter "on the reason" and then stated, "But honestly, Your Honor, I didn't. I didn't, honestly." The court inquired further, "You didn't report, you mean?" Defendant replied, "Yes, sir."

¶ 11    The State rested and defendant confirmed he had no evidence for this stage of the proceedings. The State argued that it met its burden that defendant failed to report to probation as directed. It relied on the testimony of Ms. Taylor as well as defendant's admission saying, "he has failed to do so, *** as you've heard from the Defendant's own mouth." Defendant declined the opportunity to provide a closing argument. The court found defendant failed to report to probation as directed and ruled in favor of the State. The sentencing hearing was held on January 27, 2025. Following the hearing, the trial court sentenced defendant to three years' imprisonment with six months of mandatory supervised release. Defendant appeals.

3

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant argues that the trial court's order revoking his probation should be reversed because the State provided insufficient evidence of the probation violations where the State's witness lacked personal knowledge of defendant's probation violations. Defendant also argues, in the alternative, that the court committed reversible error based on the improper evidence under plain error review.

¶ 14    "[A] probation revocation proceeding is a civil proceeding." *People v. Lindsey*, 199 Ill. 2d 460, 467 (2002). A challenge as to the sufficiency of the evidence at a probation revocation hearing "will succeed only if the trial court's finding is against the manifest weight of the evidence." *People v. Colon*, 225 Ill. 2d 125, 158 (2007) (citing *People v. Houston*, 118 Ill. 2d 194, 199 (1987); *People v. Cooper*, 66 Ill. 2d 509, 514 (1977); *People v. Crowell*, 53 Ill. 2d 447, 451-52 (1973)). " 'A judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence.' " *People v. Colquitt*, 2013 IL App (1st) 121138, ¶ 28 (quoting *Bazydlo v. Volant*, 164 Ill. 2d 207, 215 (1995)).

¶ 15    Defendant contends that the testimony of the State's witness was hearsay, that hearsay evidence cannot be used to sustain the State's burden, and therefore, the trial court's decision should be reversed. He concedes that no objection was raised during the hearing and that the issue was not properly preserved. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (requiring both a trial objection and a written posttrial motion to preserve an issue). Defendant acknowledges this failure and therefore seeks plain error review which is also allowed in probation revocation proceedings. See *People v. Turner*, 233 Ill. App. 3d 449, 452 (1992).

¶ 16    The plain error doctrine "is a narrow and limited exception to the general waiver rule" with a purpose to protect a defendant's rights and the integrity and reputation of the judicial process. (Internal quotation marks omitted.) *People v. Herron*, 215 Ill. 2d 167, 177 (2005). The plain error doctrine allows a reviewing court to consider unpreserved error in two situations. *People v. Piatkowski*, 225 Ill. 2d 551, 564 (2007). Under first-prong plain error, a clear or obvious error and evidence that is " 'so closely balanced that the error alone severely threatened to tip the scales of justice against' " the defendant must be shown. *Id.* at 565 (quoting *Herron*, 215 Ill. 2d at 186-87). Under second-prong plain error, a clear and obvious error that is " 'so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process' " must be shown. *Id.* (quoting *Herron*, 215 Ill. 2d at 186-87). "Under both prongs, the burden of persuasion rests with the defendant." *People v. Sargent*, 239 Ill. 2d 166, 190 (2010) (citing *People v. Naylor*, 229 Ill. 2d 584, 593 (2008)). Defendant contends that both prongs are applicable.

¶ 17    "The first step of plain-error review is determining whether any error occurred." *People v. Thompson*, 238 Ill. 2d 598, 613 (2010) (citing *People v. Walker*, 232 Ill. 2d 113, 124-25 (2009)). "We review, *de novo*, questions of whether testimony constitutes hearsay, and we review the court's decision to admit the evidence for an abuse of discretion." *People v. Gladney*, 2020 IL App (3d) 180087, ¶ 20. "Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted." *People v. Broches*, 2022 IL App (2d) 200001, ¶ 26 (citing *People v. Caffey*, 205 Ill. 2d 52, 88-89 (2001); Ill. R. Evid. 801(c) (eff. Oct. 15, 2015)). "Due to its lack of reliability, hearsay evidence is generally inadmissible unless it falls within an exception to the hearsay rule." *Id.* (citing *Caffey*, 205 Ill. 2d at 88-89).

¶ 18    Indubitably, Ms. Taylor's testimony was hearsay. She testified about defendant's actions, or more specifically his lack of action, during a period of time when she was not employed with

5

the court services department and therefore had no personal knowledge of the matter for which she was providing testimony. While the State contends that her testimony was harmless because it was based on records that would be admissible under the business record exception, it is undisputed that those records were not introduced at the hearing. Accordingly, we agree with defendant that error occurred.

¶ 19 As such we consider whether the error rises to the level that requires this court to avoid the procedural default. First-prong plain error is relevant only where the evidence is closely balanced, and the error tended to tip the balance against the defendant. *People v. Radford*, 2020 IL 123975, ¶ 23. Here, the only evidence presented by the State was the testimony of Ms. Taylor, which if eliminated, could require us to find the evidence was closely balanced since there would be no evidence on the underlying issue from either side.

¶ 20 However, Ms. Taylor's testimony was not the only evidence of defendant's probationary violations presented at the hearing. After defendant's cross-examination of Ms. Taylor, the court asked defendant if he had any other questions for the witness. Defendant responded by saying, "No sir. I just had a letter that I wrote on the reason. But honestly, Your Honor, I didn't. I didn't honestly." The court then asked defendant, "You didn't report, you mean?" Defendant then replied, "Yes, sir."

¶ 21 Recognizing the dilemma associated with his statements, defendant argues, citing *People v. Steele*, 283 Ill. App. 3d 413, 415 (1996), that his statements were elicited by the court and therefore cannot be used against him. In *Steele*, the trial court directly asked the defendant if he reported to the probation department and the defendant would not respond to the repeated questioning on the advice of counsel. *Id.* at 414-15. Thereafter, the trial court found the defendant in violation of his probation. *Id.* at 415. The appellate court found the trial court interpreted the

6

defendant's silence as an admission of a probation violation and "surrendered its responsibility as the trier of fact" based on the "improper" conduct. *Id.*

¶ 22    We find the exchange here easily distinguishable from *Steele*. First, the court's initial question asked defendant if he had additional cross-examination questions for the witness. Defendant responded in the negative and then provided a statement that voluntarily admitted the probation violations. The court's inquiry was neither an attempt to bolster the State's case, nor a surrender of the trial court's responsibilities as the trier of fact. It was a request of clarification based on defendant's prior statement that voluntarily admitted the probation violation.

¶ 23    While the testimony from the State's witness was an erroneous admission of hearsay, defendant's admission of the probationary violations quashed any possibility of finding the evidence closely balanced. As such, we hold that defendant failed to meet his burden for first-prong plain error review and honor the procedural default.

¶ 24    Second-prong plain error review requires this court to determine if the error was "so serious that it affected the fairness of the defendant's trial and challenged the integrity of the juridical process, regardless of the closeness of the evidence." *Radford*, 2020 IL 123975, ¶ 23. Second-prong plain error is equated with structural error. *People v. Glasper*, 234 Ill. 2d 173, 197-98 (2009) (quoting *Herron*, 215 Ill. 2d at 186). "An error is typically designated as structural only if it necessarily renders a criminal trial fundamentally unfair or an unreliable means of determining guilt or innocence." *Thompson*, 238 Ill. 2d at 609. Errors previously recognized as "structural" involve a "very limited class of cases," none of which are found here. *Id.*

¶ 25    Defendant argues that finding guilt, based solely on hearsay, is a structural error that would be proper under the second prong of plain error. However, we need not consider the issue because hearsay was not the only basis to find defendant's guilt. As noted above, defendant voluntarily

7

admitted the probationary violations in the middle of the hearing and when asked to clarify the statements, defendant again admitted the violations. Under these facts, we hold that defendant failed to meet his burden under second-prong plain error and, therefore, we will honor the procedural default. Since defendant failed to meet his burden under either prong of plain error review, we affirm the trial court's order revoking defendant's probation.

¶ 26                                    III. CONCLUSION

¶ 27    For the above-stated reasons, we affirm the trial court's order revoking defendant's probation.


¶ 28    Affirmed.